**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SIMPLEAIR, INC., a Texas corporation, | CASE NO. |
| Plaintiff, | **JURY DEMANDED** |
| vs. | |
| MICROSOFT CORPORATION, a Washington corporation, MOTOROLA MOBILITY, INC., a Delaware corporation, NOKIA CORPORATION, a Finnish corporation, NOKIA INC., a Delaware corporation, SAMSUNG ELECTRONICS CO., LTD., a South Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, SONY ERICSSON MOBILE COMMUNICATIONS AB, a Swedish corporation, SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., a Delaware corporation, ERICSSON INC., a Delaware corporation, FUTUREWEI TECHNOLOGIES, INC. (D/B/A HUAWEI TECHNOLOGIES (USA)), a Texas corporation, HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation, GOOGLE INC., a Delaware corporation, HTC AMERICA, INC., a Washington corporation, HTC CORPORATION, a Taiwanese corporation, and LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation, | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SimpleAir, Inc. sues the above-listed Defendants and on information and belief

alleges as follows:

1

**Introduction**

1.      Plaintiff SimpleAir owns the inventions described and claimed in United States

Patent Nos. 7,035,914 (the '914 patent) and 6,021,433 (the '433 patent), both entitled "System

and Method for Transmission of Data."  Defendants have used, and continue to use, Plaintiff's

patented technology in products and services that they make, use, sell, and offer to sell, without

Plaintiff's permission.  Plaintiff SimpleAir seeks damages for patent infringement and an

injunction preventing Defendants from making, using, selling, or offering to sell products or

services claimed by the Patents without Plaintiff's permission.


**Jurisdiction and Venue**

2.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§271 and 281, *et seq*.  The Court has original jurisdiction over this

patent infringement action under 28 U.S.C. §1338(a).

3.      Venue is proper in this Court because Defendants are responsible for acts of

infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have

delivered or caused to be delivered infringing products or services in the Eastern District of

Texas.  In addition, this Court has presided over prior matters relating to the asserted patents,

including the pending matter of *SimpleAir, Inc. v. AWS Convergence Technologies, Inc.*, *et al.*,

2:09-cv-289-CE, in which the Court has entered a *Markman* order (dkt. # 240, entered Sept. 2,

2011).


**Plaintiff SimpleAir, Inc.**

4.      Plaintiff SimpleAir, Inc. is a corporation existing under and by virtue of the laws

of the State of Texas.


**The Patents**

5.      The United States Patent and Trademark Office issued the '914 patent (attached

as exhibit A) on April 25, 2006 and the '433 patent (attached as exhibit B) on February 1, 2000.

6.      Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for past infringements of the Patents.

**Defendants**

7.      Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with a principal place of business in Redmond, Washington.

8.      Defendant Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with a principal place of business in Libertyville, Illinois.

9.      Defendant Nokia Corporation is a Finnish corporation with a principal place of business in Keilaniemi, Espoo.  Defendant Nokia USA is a Delaware corporation with a principal place of business in White Plains, New York.  Collectively, these Defendants are referred to as "Nokia."

10.      Defendant Samsung Electronics Co., Ltd. is a South Korean corporation with a principal place of business in Seoul, Korea.  Defendant Samsung Electronics America, Inc. is a New York corporation with a principal place of business in Ridgefield Park, New Jersey.  Defendant Samsung Telecommunications America, LLC is a Delaware limited liability company with a principal place of business in Richardson, Texas.  Collectively, these Defendants are referred to as "Samsung."

11.      Defendant Sony Ericsson Mobile Communications AB is a Swedish corporation with a principal place of business in Lund, Sweden.  Defendant Sony Ericsson Mobile Communications (USA), Inc. is a Delaware corporation with a principal place of business in Atlanta, Georgia. Collectively, these Defendants are referred to as "Sony Ericsson."

12.      Defendant Ericsson Inc. ("Ericsson") is a Delaware corporation with a principal place of business in Plano, Texas.

13.      Defendant Futurewei Technologies, Inc. (d/b/a Huawei Technologies (USA)) is a Texas corporation with a principal place of business in Plano, Texas.  Defendant Huawei Technologies Co., Ltd. is a Chinese corporation with a principal place of business in Bantian,

Longgang District, Shenzhen, Gaundong, People's Republic of China. Collectively, these Defendants are referred to as "Huawei."

14. Defendant Google Inc. ("Google") is a Delaware corporation with a principal place of business in Mountain View, California.

15. Defendant HTC America, Inc. is a Washington corporation with a principal place of business in Bellevue, Washington. Defendant HTC Corporation is a Taiwanese corporation with a principal place of business in Taoyuan, Taiwan, R.O.C. Collectively, these Defendants are referred to as "HTC."

16. Defendant LG Electronics MobileComm U.S.A., Inc. ("LG") is a California corporation with a principal place of business in San Diego, California.

### FIRST CLAIM FOR PATENT INFRINGEMENT ('914 PATENT)

17. Plaintiff incorporates by reference each of the allegations in paragraphs 1-16 above and further alleges as follows:

18. On April 25, 2006, United States Patent No. 7,035,914, disclosing and claiming a "System and Method for Transmission of Data," was duly and legally issued by the United States Patent and Trademark Office.

19. Plaintiff SimpleAir, Inc. is the owner of the '914 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

20. Each claim of the '914 patent is valid and enforceable.

21. Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '914 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '914 patent, including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.

22.     Plaintiff has been damaged by Defendants' infringement of the '914 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '914 patent.

23.     Plaintiff demands trial by jury of all issues relating to this claim.

## SECOND CLAIM FOR PATENT INFRINGEMENT ('433 PATENT)

24.     Plaintiff incorporates by reference each of the allegations in paragraphs 1-16 above and further alleges as follows:

25.     On February 1, 2000, United States Patent No. 6,021,433, disclosing and claiming a "System and Method for Transmission of Data," was duly and legally issued by the United States Patent and Trademark Office.

26.     Plaintiff SimpleAir, Inc. is the owner of the '433 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

27.     Each claim of the '433 patent is valid and enforceable.

28.     Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '433 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '433 patent, including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.

29.     Plaintiff has been damaged by Defendants' infringement of the '433 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '433 patent.

30.     Plaintiff demands trial by jury of all issues relating to this claim.

WHEREFORE, Plaintiff prays for judgment as follows:

A.      A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing the '914 and '433 patents;

B.      Compensatory damages for Defendants' infringement of the '914 and '433 patents;

C.      Costs of suit and attorneys' fees;

D.      Pre-judgment interest; and

E.      For such other relief as justice requires.


Dated:  September 15, 2011                              Respectfully submitted,


                                                        By:  /s/ *Jeff Eichmann*
                                                        John Jeffrey Eichmann
                                                        CA State Bar No. 227472
                                                        (admitted to practice before the U.S. District
                                                        Court for the Eastern District of Texas)
                                                        DOVEL & LUNER, LLP
                                                        201 Santa Monica Blvd., Suite 600
                                                        Santa Monica, CA 90401
                                                        Telephone:  310-656-7066
                                                        Facsimile:  310-657-7069
                                                        Email:  jeff@dovellaw.com

                                                        S. Calvin Capshaw
                                                        State Bar No. 03783900
                                                        Email:  ccapshaw@capshawlaw.com
                                                        Elizabeth L. DeRieux
                                                        State Bar No. 05770585
                                                        Email:  ederieux@capshawlaw.com
                                                        CAPSHAW DERIEUX LLP
                                                        114 E. Commerce
                                                        Gladewater, Texas 75647
                                                        Telephone: (903) 236-9800
                                                        Facsimile: (903) 236-8787

                                                        ATTORNEYS FOR PLAINTIFF,
                                                        SIMPLEAIR, INC.