**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SIMPLEAIR, INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 2:11-cv-00416-DF |
| | § | **JURY TRIAL DEMANDED** |
| MICROSOFT CORP., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson") files its Answer to Plaintiff Simpleair, Inc.'s ("Simpleair") Original Complaint [ECF No. 1] ("Complaint") and states as set forth below. Each paragraph of this Answer corresponds to the same numbered paragraph in the Complaint.

## INTRODUCTION

1. Sony Ericsson denies that it has committed any acts of patent infringement alleged in the complaint, including those alleged in this paragraph. Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

2. Sony Ericsson admits that the Complaint purports to state a cause of action under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 *et seq.* Sony Ericsson admits that this Court has jurisdiction over claims for patent infringement. Sony Ericsson denies that it has committed any act of infringement alleged in the complaint.

3.       Solely with respect to Sony Ericsson and for the purpose of this action and the counterclaims set forth herein, and without waiving any defense of lack of venue or improper venue in connection with any other cause of action or claim, Sony Ericsson does not contest that venue is proper in this district.   However, Sony Ericsson denies that this district is the most convenient or appropriate forum for this action and reserves the right to bring a motion to transfer this action or the claims against Sony Ericsson to a more convenient forum.   Sony Ericsson denies that it has committed any act of infringement alleged in the Complaint, including those alleged in this paragraph.   As to the other defendants, Sony Ericsson lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint, and therefore denies them.

## PLAINTIFF SIMPLEAIR

4.       Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

## THE PATENTS

5.       Sony Ericsson admits that on its face, U.S. Patent No. 7,035,914 ("the '914 patent") indicates that it was issued on April 25, 2006 and on its face, U.S. Patent No. 6,021,433 ("the '433 patent") indicates that it was issued on February 1, 2000.

6.       Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

## DEFENDANTS

7.       Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

8.       Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

9.      Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

10.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

11.     Sony Ericsson admits that Sony Ericsson Mobile Communications AB is a Swedish corporation with a principal place of business in Lund, Sweden.  Sony Ericsson admits that Sony Ericsson Mobile Communications (USA) Inc. is a Delaware corporation with a principal place of business in Atlanta, Georgia.  Sony Ericsson admits that Simpleair refers to Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. collectively as "Sony Ericsson," however, herein, "Sony Ericsson" refers only to Sony Ericsson Mobile Communications (USA) Inc.

12.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

13.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

14.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

15.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

16.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

## FIRST CLAIM FOR PATENT INFRINGEMENT

17.     Sony Ericsson incorporates its responses to Paragraphs 1-16 above.

18.     Sony Ericsson denies the allegations in this paragraph of the Complaint.

19.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

20.     Sony Ericsson denies the allegations in this paragraph of the Complaint.

21.     Sony Ericsson denies the allegations in this paragraph as to Sony Ericsson.  As to the other Defendants, Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

22.     Sony Ericsson denies the allegations in this paragraph as to Sony Ericsson.  As to the other Defendants, Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

23.     Sony Ericsson admits that Simpleair demands a trial by jury.

## SECOND CLAIM FOR PATENT INFRINGEMENT

24.     Sony Ericsson incorporates its responses to Paragraphs 1-16 above.

25.     Sony Ericsson denies the allegations in this paragraph of the Complaint.

26.     Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

27.     Sony Ericsson denies the allegations in this paragraph of the Complaint.

28.     Sony Ericsson denies the allegations in this paragraph as to Sony Ericsson.  As to the other Defendants, Sony Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

29.     Sony Ericsson denies the allegations in this paragraph as to Sony Ericsson.  As to the other Defendants, Sony Ericsson lacks knowledge or information sufficient to form a belief

as to the truth of the matters asserted in this paragraph of the Complaint and therefore denies them.

30.     Sony Ericsson admits that Simpleair demands a trial by jury.

## SIMPLEAIR'S PRAYER FOR RELIEF

To the extent a response to Simpleair's Prayer for Relief is required, Sony Ericsson denies that Simpleair is entitled to any of the relief sought.  Sony Ericsson further states that with respect to Simpleair's request that the Court award it attorney's fees, Simpleair's Complaint fails to state a claim upon which relief can be granted because Simpleair has pled no facts whatsoever to support such an award.

## AFFIRMATIVE DEFENSES

Sony Ericsson incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses.  By asserting these affirmative defenses, Sony Ericsson does not admit that it bears the burden of proof on any issue, and does not accept any burden it would not otherwise bear.  Sony Ericsson reserves the right to amend this Answer with additional defenses as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

31.     Simpleair's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

32.     Sony Ericsson does not infringe and has not infringed any valid and enforceable claim of  the '914 or '433 patents.  Sony Ericsson does not induce or contribute to, and has not induced or contributed to, the infringement of any valid and enforceable claim of the '914 or '433 patents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

33.     Each asserted claim of the '914 and '433 patents is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

34.     Simplelair's claims for relief are barred in whole or in part by laches, estoppel, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

35.     By reason of the prior art and/or statements and representations made to and by the U.S. Patent & Trademark Office during the prosecution of the applications that led to issuance of the '914 and '433 patents, the '914 and '433 patents are so limited that none of their claims can be properly construed as covering any activity of Sony Ericsson.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

36.     Prior to receiving a copy of the Complaint in this action, Sony Ericsson had neither actual nor constructive notice of the '914 and '433 patents.

### SEVENTH AFFIRMATIVE DEFENSE
### (Misjoinder)

37.     Simpleair's claims against Sony Ericsson are barred in whole or in part because Sony Ericsson has been improperly joined to this action.

### COUNTERCLAIMS

Sony Ericsson, for its counterclaims against Simpleair, states as set forth below.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 2201, 2202, and 1338(a).

2.      This Court has personal jurisdiction over Simpleair because it filed the Complaint in this action.

3.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c), and because Simpleair commenced this action in this district.

## THE PARTIES

4.      Counterclaim-Plaintiff Sony Ericsson Mobile Communications (USA) Inc. is a Delaware corporation with a principal place of business in Atlanta, Georgia.

5.      In its Complaint, Counterclaim-Defendant Simpleair, Inc. alleges that it is a Texas Corporation.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

6.      Sony Ericsson repeats and realleges the foregoing paragraphs, as if fully set forth herein.

7.      Simpleair alleges in its Complaint that owns all rights, title, and interest in and to the '914 and '433 patents.

8.      Simpleair, by its Complaint, has charged Sony Ericsson with infringement, inducement, and contributory infringement of the '914 and '433 patents.

9.      Sony Ericsson denies any infringement and is not infringing any claim of the '914 or '433 patent.  Sony Ericsson denies that it has contributorily infringed or induced others to infringe or is contributorily infringing or inducing others to infringe any claim of the '914 or '433 patent.

10.     Sony Ericsson seeks a judicial declaration that it does not infringe, contributorily infringe, or induce infringement of the '914 or '433 patent.

11.     There exists, therefore, an actual controversy between Simpleair and Sony Ericsson with respect to the '914 and '433 patents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

12.     Sony Ericsson repeats and realleges the foregoing paragraphs, as if fully set forth herein.

13.     The '914 and '433 patents are invalid and void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112 thereof.

14.     Sony Ericsson seeks a judicial declaration that the '914 and '433 patents are invalid and/or void.

## PRAYER FOR RELIEF

WHEREFORE, Sony Ericsson respectfully prays for judgment against Simpleair as follows:

a)  Dismissing with prejudice the Complaint against Sony Ericsson;

b)  Declaring that Sony Ericsson does not infringe, contributorily infringe, or induce infringement of any claim of the '914 or '433 patent;

c)  Declaring that the '914 and '433 patents are invalid, unenforceable, and/or void;

d)  Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Sony Ericsson its attorneys' fees;

e)  Awarding to Sony Ericsson its costs and disbursements of this action; and

f)  Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Sony Ericsson demands a jury trial on all issues so triable.


Dated November 2, 2011

Respectfully Submitted,

*/s/ John H. McDowell, Jr.*
John H. McDowell, Jr.
*Lead Attorney*
Texas State Bar No. 13570825
Email: johnmcdowell@andrewskurth.com
Benjamin J. Setnick
Texas State Bar No. 24058820
Email: bensetnick@andrewskurth.com
**ANDREWS KURTH LLP**
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  214-659-4400
Facsimile:   214-915-1434

**ATTORNEYS FOR DEFENDANT SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel

of record by filing with the Court's CM/ECF system on November 2, 2011

*/s/ John H. McDowell, Jr.*