IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIMPLEAIR, INC., a Texas corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington corporation, et al.,<br>            Defendants. | Case No. 2:11-cv-416<br><br>Jury Trial Demanded |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF MOTOROLA MOBILITY, INC.**

Motorola Mobility, Inc. ("Motorola Mobility") files its Answer, Affirmative Defenses and Counterclaims to the Complaint for Patent Infringement ("Complaint") filed by SimpleAir, Inc. ("SimpleAir"), denying SimpleAir's allegations and averments as follows, except as specifically admitted herein:

**Introduction**

1.    Motorola Mobility admits that United States Patent Nos. 7,035,914 ("the '914 patent") and 6,021,433 ("the '433 patent") referred to in Paragraph 1 and attached as exhibits A and B to the Complaint are both entitled "System and Method for Transmission of Data." To the extent that the allegations of Paragraph 1 are directed at Motorola Mobility, Motorola Mobility denies that it has used or continued to use or that it makes, uses, sells, or offers to sell products or services claimed by the '914 and '433 patents. Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1, and therefore denies them.

**Jurisdiction and Venue**

2.      Motorola Mobility admits that SimpleAir filed an action for patent infringement under 35 U.S.C. §§ 271 and 281, *et seq.* and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1338(a) for actions arising under the patent laws of the United States.  Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2, and therefore denies them.

3.      Motorola Mobility denies that it is responsible for any acts of infringement occurring in the Eastern District of Texas and further denies that it has delivered or caused to be delivered infringing products or services in the Eastern District of Texas.  Motorola Mobility admits that venue is proper in this Court.  Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3, and therefore denies them.

**Plaintiff SimpleAir, Inc.**

4.      Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 4, and therefore denies them.

**The Patents**

5.      Motorola Mobility admits that exhibit A to the Complaint appears to be a copy of the '914 patent, which on its face bears an issuance date of April 25, 2006, and that exhibit B to the Complaint appears to be a copy of the '433 patent, which on its face bears an issuance date of February 1, 2000.  Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations of Paragraph 5, and therefore denies them.

6.      Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 6, and therefore denies them.

**Defendants**

7. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8. Admitted.

9. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 9, and therefore denies them.

10. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

15. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 16, and therefore denies them.

**FIRST CLAIM FOR PATENT INFRINGEMENT ('914 PATENT)**

17. Motorola Mobility repeats and realleges the responses in Paragraphs 1 through 16 as though fully set forth herein.

18.     Motorola Mobility admits that United States Patent No. 7,035,914 referred to in Paragraph 18 and attached as Exhibit A to the Complaint appears to be a copy of the '914 patent, entitled "System and Method for Transmission of Data," which on its face bears an issuance date of April 25, 2006.  Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations of Paragraph 18, and therefore denies them.

19.     Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19, and therefore denies them.

20.     Denied.

21.     To the extent that the allegations of Paragraph 21 are directed at Motorola Mobility, Motorola Mobility denies that it infringes the '914 patent.  SimpleAir has failed to identify any accused product or any claim allegedly infringed or provide allegations sufficient to determine how Motorola Mobility allegedly infringes any of the  claims of the '914 patent. Thus, Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 21, and therefore denies them.  To the extent the remaining allegations of Paragraph 21 are directed to other defendants, Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 regarding the other defendants, and therefore denies them.

22.     To the extent that the allegations of Paragraph 22 are directed at Motorola Mobility, Motorola Mobility denies them.  To the extent the remaining allegations of Paragraph 22 are directed to other defendants, Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 regarding the other defendants, and therefore denies them.

23.     Motorola Mobility admits that SimpleAir demands a trial by jury.

## SECOND CLAIM FOR PATENT INFRINGEMENT ('433 PATENT)

24. Motorola Mobility repeats and realleges the responses in Paragraphs 1 through 23 as though fully set forth herein.

25. Motorola Mobility admits that United States Patent No. 6,021,433 referred to in Paragraph 25 and attached as exhibit B to the Complaint appears to be a copy of the '433 patent, entitled "System and Method for Transmission of Data," which on its face bears an issuance date of February 1, 2000. Motorola Mobility lacks knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations of Paragraph 25, and therefore denies them.

26. Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, and therefore denies them.

27. Denied.

28. To the extent that the allegations of Paragraph 28 are directed at Motorola Mobility, Motorola Mobility denies that it infringes the '433 patent. SimpleAir has failed to identify any accused product or any claim allegedly infringed or provide allegations sufficient to determine how Motorola Mobility allegedly infringes any of the claims of the '433 patent. Thus, Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28, and therefore denies them. To the extent the remaining allegations of Paragraph 28 are directed to other defendants, Motorola Mobility lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 regarding the other defendants, and therefore denies them.

29. To the extent that the allegations of Paragraph 29 are directed at Motorola Mobility, Motorola Mobility denies them. To the extent the remaining allegations of Paragraph 29 are directed to other defendants, Motorola Mobility lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations of Paragraph 29 regarding the other defendants, and therefore denies them.

30. Motorola Mobility admits that SimpleAir demands a trial by jury.

### SimpleAir's Prayer for Relief

Having responded to the allegations in the Complaint as set forth above, Motorola Mobility denies that SimpleAir is entitled to any of the relief sought in its Prayer for Relief in the Complaint.

### AFFIRMATIVE DEFENSES

In further answer to SimpleAir's Complaint, Motorola Mobility asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

31. SimpleAir has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

32. Motorola Mobility does not and has not infringed, either directly or indirectly, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '914 or '433 patents. To the extent that SimpleAir asserts that Motorola Mobility indirectly infringes either by contributory infringement or inducement of infringement, Motorola Mobility is not liable to SimpleAir because, among other reasons, it did not know or intend that its actions would cause the alleged direct infringement.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity – Anticipation)

33. One or more claims of the '914 and '433 patents are invalid under 35 U.S.C. § 102, because the alleged inventions claimed therein are anticipated by one or more prior art references.

### FOURTH AFFIRMATIVE DEFENSE

### (Invalidity – Obviousness)

34. One or more claims of the '914 and '433 patents are invalid under 35 U.S.C. § 103, because the alleged inventions claimed therein would have been obvious to one having ordinary skill in the art at the time of the alleged invention thereof.

### FIFTH AFFIRMATIVE DEFENSE

### (Statutory Double-Patenting)

35. One or more claims of the '914 patent are invalid under 35 U.S.C. § 101 because the claims of the patent are substantively the same as those of the '433 patent.

### SIXTH AFFIRMATIVE DEFENSE

### (Indefiniteness, Non-Enablement, and/or Inadequate Written Description)

36. One or more claims of the '914 and '433 patents are invalid under 35 U.S.C. § 112, because the specification thereof does not contain an adequate written description of the alleged invention, does not disclose the manner and process of making and using the alleged invention, and/or does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter.

37. One or more claims of the '914 and '433 patents are invalid under 35 U.S.C. § 112, because the specification thereof does not contain an adequate written description of the alleged invention, does not disclose the manner and process of making and using the alleged invention, and/or does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter.

### SEVENTH AFFIRMATIVE DEFENSE

**(Waiver, Acquiescence, Equitable Estoppel, Laches, and/or Unclean Hands)**

38. One or more claims of the '914 and '433 patents are unenforceable due to SimpleAir's acquiescence, equitable estoppel, laches, waiver, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

**(Lack of Irreparable Harm)**

39. SimpleAir is not entitled to any form of injunction because SimpleAir has not suffered and will not suffer irreparable harm because of Motorola Mobility's conduct, and SimpleAir has an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel)**

40. SimpleAir's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### TENTH AFFIRMATIVE DEFENSE

**(Limitation on Damages)**

41. SimpleAir's claim for damages, if any, against Motorola Mobility is limited by 35 U.S.C. §§ 286 and 287 and its recovery of costs is limited under 35 U.S.C. § 288.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Enhanced Damages)

42.     SimpleAir is not entitled to seek any enhanced damages or attorneys' fees because it has failed to allege any willful infringement, failed to provide notice of alleged infringement prior to the filing of Complaint, and/or failed to meet the requirements of willfulness.

### TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

43.     Motorola Mobility has engaged in all relevant activities in good faith, thereby precluding SimpleAir, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Misjoinder)

44.     Motorola Mobility has been improperly joined as a defendant in this action because SimpleAir's right to relief  is not asserted against all defendants jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and does not raise any question of law or fact common to all defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

45.     Motorola Mobility reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Counterclaim Plaintiff Motorola Mobility asserts the following Counterclaims against Plaintiff and Counterclaim Defendant SimpleAir.

## THE PARTIES

46. Motorola Mobility is a Delaware corporation having its principal place of business at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.

47. On information and belief, SimpleAir is a corporation existing under the laws of the State of Texas with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION AND VENUE

48. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

49. This Court has subject matter jurisdiction in this action under 28 U.S.C. §§ 1331 and 1338(a) because it is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 because, as shown below, a substantial controversy exists between Motorola Mobility and SimpleAir regarding non-infringement, invalidity, and unenforceability.

50. This Court has personal jurisdiction over SimpleAir because SimpleAir has its principal place of business in this District and conducts substantial business therefrom. Moreover, SimpleAir, by bringing this case, has submitted to the jurisdiction of this Court.

51. Venue is proper in this District under 28 U.S.C. § 1391. To the extent that venue is found to be proper under 28 U.S.C. § 1400 for any of the claims in the Complaint, venue is also appropriate under 28 U.S.C. § 1400 for these Counterclaims.

## COUNT I
### (Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

52.     Motorola Mobility incorporates and realleges herein the allegations of Paragraphs 45 through 50 above.

53.     SimpleAir claims to be the owner of the '914 and '433 patents and has asserted that Motorola Mobility infringes one or more claims of these patents. Motorola Mobility denies that it has infringed any valid and enforceable claim of these patents.

54.     Accordingly, there is an immediate and actual case or controversy between Motorola Mobility and SimpleAir regarding the alleged infringement of the '914 and '433 patents.

55.     Because there exists a real and justiciable controversy between the parties, Motorola Mobility is entitled to a declaration under 28 U.S.C. § 2201, *et seq.* that it does not and has not infringed the '914 or '433 patents.

## COUNT II
### (Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

56.     Motorola Mobility incorporates and realleges herein the allegations of Paragraphs 45 through 54 above.

57.     Through its Complaint, SimpleAir has asserted the '914 and '433 patents are valid. Motorola Mobility contends that one or more claims of the '914 and '433 patents are invalid under 35 U.S.C. § 102 because the subject matter of the claims was anticipated by one or more pieces of prior art.

58.     Motorola Mobility also contends that one or more claims of the '914 and '433 patents are invalid under 35 U.S.C. § 103 because any differences between the prior art and the

claimed subject matter would have been obvious to a person having ordinary skill in the art at the time of the invention.

59. Motorola Mobility further contends that one or more claims of the '914 and '433 patents are invalid under 35 U.S.C. § 112 because the specification thereof does not contain an adequate written description of the alleged invention, does not disclose the manner and process of making and using the alleged invention, and/or does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter.

60. Accordingly, there is an immediate and actual case or controversy between Motorola Mobility and SimpleAir regarding the validity of the '914 and '433 patents.

61. Because there exists a real and justiciable controversy between the parties, Motorola Mobility is entitled to a declaration under 28 U.S.C. § 2201 *et seq.* that each claim of the '914 and '433 patents is invalid.

**PRAYER FOR RELIEF**

Motorola Mobility respectfully requests entry of a judgment against SimpleAir:

a) denying all claims for relief set forth in the Complaint and entering judgment in favor of Motorola Mobility on all claims;

b) declaring that Motorola Mobility has not infringed and is not infringing directly or indirectly, by way of inducing or contributing to the infringement of, literally or under the Doctrine of Equivalents, whether willfully or otherwise, any valid and enforceable claim of the '914 and '433 patents;

c) declaring each and every claim of the '914 and '433 patents invalid and/or unenforceable;

d) awarding Motorola Mobility its attorneys fees and costs; and

e) further relief as the Court may deem just and proper.

DATE: December 2, 2011

                                       Respectfully submitted,

                                       /s/ Steven D. Moore_____
                                       Steven D. Moore (NC State Bar No 23367)
                                       KILPATRICK TOWNSEND & STOCKTON LLP
                                       1001 West Fourth Street
                                       Winston-Salem, NC 27101
                                       smoore@kipatricktownsend.com
                                       t. 336.607.7300
                                       f. 336.607.7500

                                       Jessica L. Hannah (CA State Bar No. 261802)
                                       KILPATRICK TOWNSEND & STOCKTON LLP
                                       Two Embarcadero Center, Eighth Floor
                                       San Francisco, California 94111
                                       jhannah@kilpatricktownsend.com
                                       t. 415.576.0200
                                       f. 415.576.0300

                                       Megan Chung (CA State Bar No. 232044)
                                       KILPATRICK TOWNSEND & STOCKTON LLP
                                       Suite 400
                                       12730 High Bluff Drive
                                       San Diego, California 92130
                                       mchung@kipatricktownsend.com
                                       t. 858.350.6144
                                       f. 858.430.3851

                                       Michael E. Jones (State Bar No. 10929400)
                                       POTTER MINTON
                                       110 N. College
                                       Suite 500
                                       Tyler, Texas  75702
                                       t. 903.597.8311
                                       f. 903.593.0846
                                       mikejones@potterminton.com

                                       *Attorneys for Defendant Motorola Mobility, Inc.*

**JURY DEMAND**

Motorola Mobility hereby demands a trial by jury as to all issues so triable.

DATE:  December 2, 2011

      Respectfully submitted,

/s/ Steven D. Moore_____
Steven D. Moore (NC State Bar No 23367)
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
smoore@kipatricktownsend.com
t. 336.607.7300
f. 336.607.7500

Jessica L. Hannah (CA State Bar No. 261802)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
jhannah@kilpatricktownsend.com
t. 415.576.0200
f. 415.576.0300

Megan Chung (CA State Bar No. 232044)
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 400
12730 High Bluff Drive
San Diego, California 92130
mchung@kipatricktownsend.com
t. 858.350.6144
f. 858.430.3851

Michael E. Jones (State Bar No. 10929400)
POTTER MINTON
110 N. College
Suite 500
Tyler, Texas  75702
t. 903.597.8311
f. 903.593.0846
mikejones@potterminton.com

*Attorneys for Defendant Motorola Mobility, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 2, 2011.. Any other counsel of record will be served by First Class U.S. mail on this same date.

                                            /s/ Steven D. Moore_____
                                            Steven D. Moore