**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| SIMPLEAIR, INC., | ) ) ) | |
| Plaintiff, | ) ) | **C.A. No. 2:11-cv-00416-DF** |
| v. | ) ) ) | |
| MICROSOFT CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |

**MOTION OF DEFENDANT LG ELECTRONICS MOBILECOMM U.S.A., INC.
TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

I.     INTRODUCTION AND FACTUAL BACKGROUND ........................................1

II.    ARGUMENT ...................................................................................................3

       A.   Legal Standard ......................................................................................3

       B.   Plaintiff's Complaint against LG Fails, Under Rule 8(a)(2) of the Federal Rules of Civil Procedure and The Supreme Court Precedent of Twombly and Iqbal, to State Any Claim For Which Relief Can Be Granted ...............................................5

            i.    Plaintiff's Complaint Fails to State a Claim for Infringement Because It Consists Solely of "Threadbare Recitals of the Elements" and Does Not Sufficiently Identify Any Accused Products ............................................... 5

            ii.   To the Extent Plaintiff's Complaint Includes Any Claim Against LG For Indirect Infringement, Such Claim Should be Dismissed for Failing To Allege An Underlying Act of Direct Infringement or Any Other Elements of Contributory or Induced Infringement ................................................... 8

       C.   In the Alternative, Plaintiff's Allegations that LG Infringes the Patents-in-Suit by "Selling, or Offering for Sale" Should Be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Because All Claims of the Patents-in-Suit Are Method Claims, Which Can Only Be Infringed By "Using" the Claimed Methods ..................................................................................10

III.   CONCLUSION ...............................................................................................11

## TABLE OF AUTHORITIES

*Cases*

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) ............................................................................................... passim

Bay Indus., Inc. v. Tru-Arx Mfg., LLC, No. 06-cv-1010, 2006 WL 3469599
    (E.D. Wis. Nov. 29, 2006) ................................................................................................ 7

Bedrock Computer Technologies, LLC v. Softlayer Techs. Inc.,
    No. 6:09-cv-269, 2010 U.S. Dist. LEXIS 62711 (E.D. Tex. Mar. 29, 2010) ........................... 4

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) .................................................................................................... passim

Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,
    576 F.3d 1348 (Fed. Cir. 2009) ....................................................................................... 11

Celltrace LLC v. MetroPCS Commc'ns., Inc.,
    No. 6:09-cv-371, Dkt. 63, slip op. (E.D. Tex. Mar. 29, 2010) ............................................ 6, 7

Clear v. Bergdorf Goodman, Inc.,
    No. 6:09-cv-481, 2010 U.S. Dist. LEXIS 92079 *4-5 (E.D. Tex. March 29, 2010) ................ 4

DSU Med. Corp. v. JMS Co.,
    471 F.3d 1293 (Fed. Cir. 2006) ..................................................................................... 3, 10

Elan Microelectronics Corp. v. Apple, Inc.,
    2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ..................................................................... 8

Eolas Techs., Inc. v. Adobe Sys.,
    No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 58291 (E.D. Tex. May 6, 2010) ............................. 4

i4i Ltd. P'ship v. Microsoft Corp.,
    598 F.3d 831 (Fed. Cir. 2010), *aff'd* 131 S. Ct. 2238 (2011) ................................................ 11

Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.,
    No. 6:09-cv-499, Dkt. 56 slip op. (E.D. Tex. Mar. 29, 2010) ................................................ 9

Joy Techs., Inc. v. Flakt, Inc.,
    6 F.3d 770 (Fed. Cir. 1993) ............................................................................................. 11

Landmark Tech. LLC v. Aeropostale,
    No. 6:09-cv-262, 2010 U.S. Dist. LEXIS 136568 (E.D. Tex. March 29, 2010) .............. 4, 5, 8

Lucent Techs., Inc. v. Gateway, Inc.,
    580 F.3d 1301 (Fed. Cir. 2009) .................................................................................. 3, 9, 11

McZeal v. Sprint Nextel Corp.,
    501 F.3d 1354 (Fed. Cir. 2007) ............................................................................... 2, 8

Mirror Worlds, LLC v. Apple, Inc.,
    784 F. Supp. 2d 703 (E.D. Tex. 2011) ....................................................................... 11

NTP, Inc. v. Research in Motion, Ltd.,
    418 F.3d 1282 (Fed. Cir. 2005) ............................................................................. 3, 11

PA Advisors, LLC v. Google Inc.,
    No. 2:07-480, 2008 WL 4136426 (E.D. Tex. Aug. 7, 2008) ....................................... 9

Realtime Data, LLC v. Stanley,
    721 F. Supp. 2d 538 (E.D. Tex. June 10, 2010) ........................................................... 3

Realtime Data, LLC v. Stanley,
    721 F. Supp. 2d 538 (E.D. Tex. May 7, 2010) ........................................................ 4, 5

Round Rock Research, LLC v. Oracle Corp.,
    No. 4:11-cv-332, slip op. Dkt. 40 (E.D. Tex. Oct. 25, 2011), *adopted as the findings
    and conclusions of the Court*, 2011 U.S. Dist. LEXIS 134131 (E.D. Tex. Nov. 18,
    2011) ................................................................................................................. 3, 6, 7, 10

Tech. Licensing Corp. v. Technicolor USA, Inc.,
    No. 2:03-1329, 2010 WL 4070208 (E.D. Cal. Oct. 18, 2010) .................................... 3

Vita-Mix Corp. v. Basic Holding, Inc.,
    581 F.3d 1317 (Fed. Cir. 2009) ................................................................................ 10

Xpoint Techs., Inc. v. Microsoft Corp.,
    730 F. Supp. 2d 349 (D. Del. 2010) ......................................................................... 10

*Rules*

Federal Rules of Civil Procedure 84 ............................................................................... 8

Federal Rules of Civil Procedure Form 18 ................................................................. 7, 8

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

Defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG") moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims asserted against it by Plaintiff, SimpleAir, Inc. ("SimpleAir") because Plaintiff's Complaint fails to provide even the most minimal allegations regarding infringement – or anything else – and therefore, fails to state any claim for which relief can be granted. This Complaint is the poster child for improper bare bones pleading. If this Complaint is deemed adequate by this Court, then Rule 12(b)(6) in the context of patent cases and the Supreme Court's decisions in <u>Twombly</u> and <u>Iqbal</u> will be rendered meaningless.

On September 15, 2011, Plaintiff filed this patent infringement suit. The Complaint alleges that LG and 15 other Defendants are infringing two patents, U.S. Patent No. 6,021,433 (the "'433 Patent") and a continuation of the '433 Patent, U.S. Patent No. 7,035,914 (the "'914 Patent") (collectively, "the Patents-in-Suit"), both entitled "System and Method for Transmission of Data." The Complaint does not identify any particular claim that is infringed (the '914 Patent contains 76 claims, all method claims, and the '433 Patent contains 77 claims, all method claims); it does not identify any specifically accused groups or categories of products or services; and it does not identify whether the alleged infringement by LG, or any of the other 15 Defendants, is direct or indirect.

The allegations of infringement, as against *all* Defendants, <u>in their entirety</u>, read as follows:

> Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '914 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '914 patent, including products and services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.

SimpleAir Complaint, Dkt. 1 (Sept. 15, 2011) at ¶ 21.

> Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '433 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '433 patent, including products and services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.

Complaint at ¶ 28.

These allegations are not sufficient to meet the basic pleading standards required by the U.S. Supreme Court and Rule 8(a)(2) of the Federal Rules of Civil Procedure. For the following reasons, as developed in greater detail, *infra*, this Court should dismiss Plaintiff's claims for infringement against LG pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1. This Court should dismiss all of Plaintiff's infringement claims against LG because the Complaint does not identify any specific groups or categories of accused product(s). Plaintiff merely pleads that whatever it is that is accused of infringing the Patents-in-Suit, it *includes* "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices." As set forth in Section II(B)(i) below, this is insufficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure and in view of recent Supreme Court precedent. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). See also McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007) (a complaint for patent infringement must provide the defendant with meaningful notice of the claims at issue such that it places the defendant "on notice as to what [it] must defend").

2. This Court should also dismiss Plaintiff's claims of indirect infringement against LG, to the extent Plaintiff purports that such claims were even plead, for the additional reason

2

that, as set forth in Section II(B)(ii) below, Plaintiff has failed to sufficiently allege any underlying act of direct infringement, and Plaintiff has failed to sufficiently allege any of the other elements necessary to show contributory infringement and/or induced infringement by LG. See Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301 (Fed. Cir. 2009); DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc).  See also Realtime Data, LLC v. Stanley, 721 F. Supp. 2d 538, 544 (E.D. Tex. June 10, 2010) (courts have required that "a complaint alleging indirect infringement affirmatively identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to [] indirect infringement claims").  See also Tech. Licensing Corp. v. Technicolor USA, Inc., No. 2:03-1329, 2010 WL 4070208 *2-3 (E.D. Cal. Oct. 18, 2010) (holding that "the general principles of Twombly and Iqbal must be applied to indirect infringement claims").

3. Alternatively, and as set forth in Section II(C) below, this Court should dismiss those allegations in Plaintiff's Complaint asserting that LG infringes the Patents-in-Suit by "selling, or offering for sale" on the grounds that all 153 claims of the Patents-in-Suit are method claims, and method claims can only be infringed by "using" the claimed methods.  See Round Rock Research, LLC v. Oracle Corp., No. 4:11-cv-332, slip op. at 7 (Report and Recommendation to Magistrate Judge), Dkt. 40 (E.D. Tex. Oct. 25, 2011), *adopted as the findings and conclusions of the Court*, 2011 U.S. Dist. LEXIS 134131 (E.D. Tex. Nov. 18, 2011) (citing NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1319 (Fed. Cir. 2005)).

## II.   ARGUMENT

### A.   Legal Standard

A court will grant a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where a party has failed to state a claim for which relief may be granted.  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides the minimum standards for pleading a

3

claim, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

To meet the pleading requirement set forth in Rule 8(a)(2), the Supreme Court has held that a "plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief" and to give a "defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555-56, 570; Realtime Data, LLC v. Stanley, 721 F. Supp. 2d at 541 (E.D. Tex. May 7, 2010) (hereinafter "Realtime Data").  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Iqbal, 129 S.Ct. at 1940.  It is insufficient for a plaintiff simply to enumerate unsupported legal conclusions or state a "formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.

This Court has applied the Twombly and Iqbal standards to claims of patent infringement on numerous occasions.  See, e.g., Eolas Techs., Inc. v. Adobe Sys., No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 58291, at *12 (E.D. Tex. May 6, 2010); Bedrock Computer Technologies, LLC v. Softlayer Techs. Inc., No. 6:09-cv-269, 2010 U.S. Dist. LEXIS 62711 (E.D. Tex. Mar. 29, 2010); Landmark Tech. LLC v. Aeropostale, No. 6:09-cv-262, 2010 U.S. Dist. LEXIS 136568, at *8 (E.D. Tex. March 29, 2010); Realtime Data, 721 F. Supp. 2d at 541-43; Clear v. Bergdorf Goodman, Inc., No. 6:09-cv-481, 2010 U.S. Dist. LEXIS 92079 *4-5 (E.D. Tex. March 29, 2010).  This Court has also stated on several occasions that a properly pled claim must identify an accused infringer's products, services, or methods or other infringing acts.  See, e.g., Realtime Data, 721 F. Supp. 2d at 543-44; Bedrock Computer Techs., LLC, 2010 U.S. Dist. LEXIS 62711, at *11-13; Landmark Tech. LLC, 2010 U.S. Dist. LEXIS 136568 at *8.

Determining whether a complaint meets the standards for plausibility "is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 129 S. Ct. at 1940.

### B. Plaintiff's Complaint against LG Fails, Under Rule 8(a)(2) of the Federal Rules of Civil Procedure and The Supreme Court Precedent of Twombly and Iqbal, to State Any Claim For Which Relief Can Be Granted

Plaintiff's Complaint fails to meet the minimum standard required by Rule 8(a)(2) of the Federal Rules of Civil Procedure because the allegations therein do not identify any groups or categories of accused product(s) of LG, and additionally, the allegations therein do not identify whether Plaintiff is asserting indirect infringement, and if it is, the facts on which these claim(s) rest. See Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1949. See also Realtime Data, 721 F. Supp. 2d at 543-44.

#### i. Plaintiff's Complaint Fails to State a Claim for Infringement Because It Consists Solely of "Threadbare Recitals of the Elements" and Does Not Sufficiently Identify Any Accused Products

This Court should dismiss Plaintiff's allegations of infringement against LG because the Complaint fails to identify any specific groups or categories of accused LG products that purportedly infringe the Patents-in-Suit. Consequently, the Complaint does not give LG fair notice of Plaintiff's claims against it.

This Court has dismissed claims that fail to identify the allegedly infringing products with sufficient specificity. See, e.g., Landmark Tech. LLC, 2010 U.S. Dist. LEXIS 136568, at *8 (dismissing complaint because identification of "products and services using electronic commerce systems" was too vague); Realtime Data, 721 F. Supp. 2d at 543-44 (adopting Magistrate Judge Love's recommendation to dismiss the claims under Rule 12(b)(6) because the

5

plaintiff's identification of the alleged infringing "data compression products and/or services" was too vague).

In contrast, this Court has denied motions to dismiss where the claims describe the accused products with specificity. See Celltrace LLC v. MetroPCS Commc'ns., Inc., No. 6:09-cv-371, Dkt. 63, slip op. at 1 and 4 (E.D. Tex. Mar. 29, 2010) (denying motion to dismiss where complaint accused "a network for communicating with cellular phones, said network comprising base stations and cellular phones"); see also Round Rock Research, No. 4:11-cv-332, Dkt. 40, slip op. at 6-7 (Magistrate Judge Mazzant's recommendation, which was adopted by the Court, found that the Complaint sufficiently stated a claim to the extent it accused "servers implementing a remote monitoring system [such as the ILOM or DRAC]," but failed to state a claim as to any other products despite the "including, but not limited to" language).

Plaintiff's claims against LG fall squarely into the first of the two categories mentioned above—the claims *in*sufficiently describe any groups or categories of accused products that purportedly infringe the Patents-in-Suit. Plaintiff's Complaint vaguely asserts that LG and the 15 other defendants all infringe the two Patents-in-Suit based on the exact same allegation. The allegation states:

> using, selling, or offering for sale *products and services claimed by the [Patents-in-Suit]*, *including* products or services *relating to* the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices….

Complaint at ¶¶ 21, 28 (emphasis added). This language is overly broad for a number of reasons. First, the Complaint identifies the accused products as those "products and services claimed by the [Patents-in-Suit]," which is precisely the kind of language the Supreme Court was talking about in Twombly when it wrote that "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Second, the Complaint uses the language "including,"

which this Court found in Round Rock to be insufficient to expand the scope of accused products beyond those which are specifically identified.  Round Rock Research, No. 4:11-cv-332, Dkt. 40, slip op. at 6-7.  Third, there are no specifically identified products.  The Complaint describes the accused products and services as "*relating to* the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices."  Unlike the allegations in Round Rock Research and Celltrace, which identify specific groups of products, SimpleAir's allegations merely describe what the accused products generally "relate to."  Fourth, because the Complaint fails to identify any specifically infringed claims, and further because the two Patents-in-Suit have a combined 153 claims, it is impossible for LG to figure out what the asserted products are.  See Bay Indus., Inc. v. Tru-Arx Mfg., LLC, No. 06-cv-1010, 2006 WL 3469599 at *2 (E.D. Wis. Nov. 29, 2006) ("[B]y failing to identify any allegedly infringing product … plaintiff in effect is requiring defendant to compare its approximately 40 products to at least 20 claims of the [patent-at-issue] in order to formulate a response.  I find this to be an unreasonable burden on defendant….").[1]

       Plaintiff's claims against LG do not even reach the level of pleading set forth in Form 18 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 84, Form 18 (2007).  Form 18 sets forth the following example of a claim for patent infringement:

> The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

 Fed. R. Civ. P. Form 18.  The Eastern District of Texas has held that "a patent complaint that complies with Form 18 will suffice  to state a claim that is plausible on its face."  Landmark

---

[1] Indeed, LG sells hundreds, if not thousands, of products that would need to be compared to the 153 claims of the Patents-in-Suit.

Tech. LLC, 2010 U.S. Dist. LEXIS 136568 at *8.[2] Plaintiff's claims against LG fail to identify even a simple category of accused products, like the "electric motors" set forth in Form 18. See id.

As a plaintiff, SimpleAir has the duty to make its claims clear. The burden is not on LG and the other Defendants to try to collectively decipher where infringement claims, if any, exist. Even under the liberal pleading standards of Rule 8, the infringement claims at issue are insufficient. They fail to provide LG with sufficient notice as to what products and/or services Plaintiff believes are infringing the Patents-in-Suit, so that LG may answer the Complaint and proceed to defend itself.

> ii. **To the Extent Plaintiff's Complaint Includes Any Claim Against LG For Indirect Infringement, Such Claim Should be Dismissed for Failing To Allege An Underlying Act of Direct Infringement or Any Other Elements of Contributory or Induced Infringement**

Plaintiff's Complaint is so vague that it is not even clear if Plaintiff is alleging indirect infringement against LG. It necessarily follows that, if Plaintiff *does* purport to be alleging indirect infringement against LG, the allegations in its Complaint are grossly insufficient to state any claim for relief. Plaintiff's Complaint fails to sufficiently identify *any* alleged underlying acts of direct infringement, or *any* other element of contributory or induced infringement, and thus, any purported allegation of indirect infringement should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2] Form 18 was written before the Supreme Court issued its opinions in Twombly and Iqbal. Thus, to the extent Form 18 "suffices" under Rule 8(a)(2) of the Federal Rules of Civil Procedure to state a claim, courts have made it clear that it is a bare minimum. See Twombly, 550 U.S. at 569 n. 14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); McZeal, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 . . ., we would be required to find that a bare allegation of literal infringement in accordance with [Form 18] would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at lest in revisiting it to require allegations specifying which claims are infringed, and the features of the accused device that correspondent to the claim limitations."); Elan Microelectronics Corp. v. Apple, Inc., 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) "It is not easy to reconcile Form 18 with the guidance of the Supreme Court in Twombly and Iqbal …").

As an initial matter, the Complaint's "threadbare recital of the elements of a [direct infringement] cause of action" does not "plausibly suggest an entitlement to relief." See Iqbal, 129 S. Ct. at 1949, 1951. For both Patents-in-Suit, SimpleAir asserts the exact same conclusory allegation:

> Each of the Defendants … has infringed the [patent-in-suit] … by using, selling, or offering for sale products and services claimed by the [patent-in-suit], including products and services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices….

See Complaint at ¶¶ 21, 28. Moreover, because all 153 claims of the Patents-in-Suit are method claims, the Complaint is additionally deficient in its assertion of direct infringement for the reason that it fails to allege – even in insufficient conclusory terms – that any third party has "practiced all steps of the claimed method[s]." See Lucent Techs., 580 F.3d at 1317. This Court has repeatedly held that a claim for indirect infringement fails if it does not at least identify the direct infringer. See, e.g., PA Advisors, LLC v. Google Inc., No. 2:07-480, 2008 WL 4136426 (E.D. Tex. Aug. 7, 2008) (Folsom, J.) (granting a motion for a more definite statement requiring the plaintiff to at least generically identify the end user).

Additionally, Plaintiff has failed to adequately allege any other elements of contributory infringement and/or induced infringement, including that LG had the requisite knowledge required under the case law. This Court and others have dismissed complaints that fail to "allege and plead any facts relating to any elements of the indirect infringement claims[.]" See Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc., No. 6:09-cv-499, Dkt. 56 (Memorandum and Order on Motion to Dismiss), slip op. at 6 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (noting that the complaint not only failed to address the elements of contributory or induced infringement, but also failed to identify which of the patents' 264 claims were indirectly infringed, and as such, the complaint "fail[ed] to inform [d]efendants as to what they must

defend"). See also, e.g., Xpoint Techs., Inc. v. Microsoft Corp., 730 F. Supp. 2d 349, 356 (D. Del. 2010) ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent.").

A claim for contributory infringement requires a showing that the accused component device has no substantial non-infringing uses; was knowingly designed for use in the patented invention; and contributed to another's infringement. DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1303 (Fed. Cir. 2006). A claim for induced infringement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent. Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing DSU Med. Corp., 471 F.3d at 1304). Plaintiff's Complaint does not specifically allege "indirect infringement," "contributory infringement," or "induced infringement," let alone set forth any facts regarding the above-mentioned elements of such claims.

For the foregoing reasons, to the extent SimpleAir purports that its Complaint contains allegations of indirect infringement against LG, such allegations should be dismissed for failing to sufficiently state any claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    **C.**    **In the Alternative, Plaintiff's Allegations that LG Infringes the Patents-in-Suit by "Selling, or Offering for Sale" Should Be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Because All Claims of the Patents-in-Suit Are Method Claims, Which Can Only Be Infringed By "Using" the Claimed Methods**

This Court should dismiss SimpleAir's allegations of direct infringement by LG, to the extent those allegations are based on "*selling, or offer for sale*" allegedly infringing products and services, for the additional reason that all of the 153 possible claims in suit are method claims and method claims cannot – as a matter of law – be directly infringed in either of those manners. See Round Rock Research, No. 4:11-cv-332, Dkt. 40, slip op. at 7.

Federal Circuit law is clear that the only manner by which one can infringe a method claim is via infringing *use*. See, e.g., i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 850 (Fed. Cir. 2010), *aff'd* 131 S. Ct. 2238 (2011); NTP, Inc., 418 F.3d at 1319 ("Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use"); Lucent Techs., 580 F.3d at 1317 (citing Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 775 (Fed. Cir. 1993)) ("To infringe a method claim, a person must have practiced all steps of the claimed method."). See also, e.g., Cardiac Pacemakers, Inc. v. St. Jude Med., Inc., 576 F.3d 1348, 1359 (Fed. Cir. 2009) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process" within the meaning of section 271(a)); Mirror Worlds, LLC v. Apple, Inc., 784 F. Supp. 2d 703, 713 (E.D. Tex. 2011) (Davis, J.) ("The law is clear that the sale or offer for sale is insufficient to prove direct infringement of a method claim").

For the foregoing reasons, SimpleAir's infringement allegations based on selling and offering for sale are precluded as a matter of law and fail to state claims for relief that are plausible on their face.

### III.   CONCLUSION

Because SimpleAir's infringement claims against LG fail to satisfy the minimal standards required under Rule 8(a)(2) of the Federal Rules of Civil Procedure and the Supreme Court precedent of Twombly and Iqbal, this Court should dismiss Plaintiff's infringement claims against LG pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  December 16, 2011							Respectfully Submitted,

*/s/ Steven Lieberman*
*(with permission by Jennifer P. Ainsworth)*
Steven Lieberman
slieberman@rfem.com
Joo Mee Kim
jkim@rfem.com
Jenny L. Workman
jworkman@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
1425 K St., N.W., Ste. 800
Washington, D.C.  20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5092 (telephone)
(703) 509-5092 (facsimile)

*Attorneys for Defendant*
*LG Electronics Mobilecomm U.S.A., Inc.*

12

**CERTIFICATE OF SERVICE**

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on December 16, 2011.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF System.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth
