**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SIMPLEAIR, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICROSOFT CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:11-cv-00416-DF <br><br> JURY TRIAL DEMANDED |

**DEFENDANT MICROSOFT'S MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR A MORE DEFINITE STATEMENT**

In this patent-infringement case, Microsoft moves this Court to dismiss certain of SimpleAir's direct-infringement allegations because they fail as a matter of law, others because they do not apprise Microsoft of other accused instrumentalities, and all infringement allegations under Rule 12(b)(6). In the alternative, Microsoft moves this Court for a more definite statement under Rule 12(e) as to any allegation that the Court does not dismiss.

**I.      Issues To Be Decided**

1)     Even though all of the claims across both patents-in-suit are method claims, should SimpleAir be allowed to pursue direct-infringement allegations that are based on "selling" and "offering for sale" products/services?

2)     Does the use of open-ended and expansive language such as "including" in combination with "related to," which is not found in Form 18, sufficiently inform Microsoft of the instrumentalities that are being accused of infringement?

    3)  Are SimpleAir's claims for infringement sufficient even though they are vague and include the same allegation verbatim across all defendant groups (Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG)?

    4)  Should SimpleAir at least be required to file a more definite statement of its direct-infringement allegations as to Microsoft?

## II. Legal Standards

    Dismissing claims of a Complaint is proper when its allegations fail as a matter of law. *Round Rock Research, LLC v. Oracle Corporation et. al.,* No. 4:11-CV-332, slip. op. at 7 (E.D. Tex. Oct. 25, 2011).

    Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails to satisfy this threshold requirement, it "must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, "[d]ismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (2007)). A complaint that merely contains "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To be certain, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001). Nonetheless, "a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face." *Bedrock Computer Techs. LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269, slip op. at 4 (E.D. Tex. Mar. 29, 2010).

### III. Background

In its Original Complaint, SimpleAir includes the following infringement allegations:

> 21. Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the **'914 patent**[1] and, unless enjoined, will continue to do so, by using, **selling**, or **offering for sale** products **and** services claimed by the '914 patent, **including** products or services **relating to** the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.
>
> 28. Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the **'433** patent and, unless enjoined, will continue to do so, by using, **selling**, or **offering for sale** products **and** services claimed by the '433 patent, **including** products or services **relating to** the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.

Dkt. No. 1, pp. 4-5. SimpleAir attached to its Complaint copies of U.S. Pat. No. 7,035,914 and U.S. Pat. No. 6,021,433, the patents-in-suit. The '914 patent has 76 claims, all of which are method claims. The '433 patent has 77 claims, all of which are also method claims.

Thus, SimpleAir's Complaint asserts two patents, which include only method claims, and alleges that direct-infringement liability stems from "using, selling, or offering for sale" products **and** services that are ostensibly infringed by the patents-in-suit, which products/services are described using the open-ended term "including" and expanded upon by encompassing products or services "relating to" a description of a type of technology.

---

[1] All bolding or other emphasis in any quotation from any source in this Motion has been added unless stated otherwise. For the sake of brevity and readability, an indication of "emphasis added" will not be included for each occurrence.

## IV.     Argument

Microsoft first argues that certain of SimpleAir's direct-infringement allegations (those based on "selling" or "offering for sale") should be dismissed as a matter of law. If the Court agrees, only the use-based direct-infringement allegations would remain. But these are also not sufficient. Allegations including expansive language essentially directed to other ("related to") instrumentalities should be dismissed because they fail to inform Microsoft as to what other products and services stand accused. As to the remaining direct-infringement allegations, those too should be dismissed because the complaint does not sufficiently inform Microsoft what is being accused of infringement. Finally, Microsoft moves in the alternative for a more definite statement as to any allegation that the Court does not dismiss.

### A.     Given that "selling" and "offering for sale" are not acts of direct infringement of a method claim, SimpleAir's direct-infringement allegations directed to "selling" and to "offering for sale" should be dismissed because they fail to state a claim upon which relief can be granted in a case involving only method claims.

The Court should dismiss SimpleAir's allegations of direct infringement against Microsoft to the extent these allegations are based on Microsoft's "selling" or "offering for sale" allegedly infringing products or services. In this case, SimpleAir asserts that Microsoft directly infringes the two asserted patents by "using, selling, or offering for sale products and services claimed by the [patents in suit]." However, both of the patents-in-suit include only method claims. Neither selling nor offering for sale are acts that can infringe method claims; rather, actual performance of the steps of a claimed method is required. As such, because only method claims are at issue in this case, SimpleAir's direct infringement allegations based on Microsoft's "selling" or "offering for sale" allegedly infringing products or services must be dismissed for failure to state a claim upon which relief can be granted.

The "law of this Circuit is axiomatic that a method claim is directly infringed **only if** each step of the claimed method is **performed**." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1328 (Fed. Cir. 2008). "The sale of the apparatus is not a sale of the method. A method claim is directly infringed **only by** one **practicing** the patented method." *Joy Techs., Inc. v. Flakt*, Inc., 6 F.3d 770, 775 (Fed. Cir. 1993).

The *Round Rock* case is factually similar in that four of nine asserted patents in that case included only method claims.[2] Under Fed. R. Civ. P. 12(b)(6), defendant Dell moved to dismiss the non-use-based direct-infringement allegations as to those patents (counts I, IV, V, and VIII). *Round Rock*, Dkt. No. 22, pp. 6-7. Magistrate Judge Mazzant recommended granting Dell's motion in this regard, stating: "[D]irect infringement occurs only when someone performs the claimed method. Therefore, to the extent that Plaintiff alleges direct infringement of a method claim by making, selling, offering for sale, and/or importing by Dell, these allegations should be dismissed." *Id.*, Dkt. No. 40, p. 7. (October 25, 2011) (internal citations omitted). The plaintiff amended its complaint and limited its direct-infringement allegations only to "using" in the aforementioned counts. *Id.* Dkt. No. 44, see ¶¶ 21, 27, 63, 69, 77, 83, 119, and 125. Microsoft seeks the same result in this case.

This Court has also recently affirmed that the sale of software is insufficient to infringe a method by concluding that a defendant software seller (Kaspersky) was not liable for infringement:

> Nonetheless, Kaspersky has shown that it does not directly infringe the asserted method claims (Claims 1, 22, 24, and 42 of the '591 Patent) because "software is not itself a sequence of actions, but rather it is a set of instructions that directs hardware to perform a sequence of action." In other words, "the actual carrying out of the instructions is that which constitutes a process within the meaning

---

[2] *Round Rock Research, LLC v. Oracle Corporation et. al.*, No. 4:11-CV-332, slip. op. (E.D. Tex. Oct. 25, 2011).

> of [35 U.S.C.] § 271(a), "so **the sale of software**, which is merely "instructions to perform a process rather than the performance of the process itself," **does not suffice**. *Id*.

*Information Protection and Authentication of Texas v. Symantec Corp. et. al.*, No. 2:08-CV-484, Dkt. No. 503, pp. 12-13 (E.D. Tex. Nov. 14, 2011) (Folsom, J.) (internal citations omitted). See also *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 713 (E.D. Tex. 2011) ("Mirror Worlds' reliance on Apple's sales of computers that contain the accused Mac OS X 10.4-6 software does not prove direct infringement. The law is **clear** that the **sale or offer for sale** is **insufficient** to prove direct infringement of a method claim."). Judge Davis also clarified that one could not even assume that an accused infringer performed the method by way of testing: "Not only is it legally insufficient to show direct infringement of the method claims through Apple's sales, it is insufficient to merely assume that Apple conducted tests that performed the method while the accused features were under development." *Id*.

Recent cases, including this Court's precedent cited above, have clarified the maxim that method claims can only be infringed by use. Applying *Lucent*,[3] the Federal Circuit **reversed the denial** of defendants' motion for judgment as a matter of law of noninfringement of method claims where the record, which included sales of the accused software and hardware containing the accused software, did not contain sufficient evidence to support direct infringement for the asserted method claims. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1205-06 (Fed. Cir. 2010). "Direct infringement occurs only when someone performs the claimed method." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010). *Mirror Worlds* also confirmed that, "The law is clear that the sale or offer for sale is insufficient to prove direct infringement of a method claim." *Mirror Worlds*, 784 F. Supp. 2d at 713.

---

[3] *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009).

The Federal Circuit has also recognized Congress's intent that infringement of method claims is limited to "use": "Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1319-21 (Fed. Cir. 2005).

Some courts have even sanctioned counsel for contending that nonuse-based activity, even "distributing," could directly infringe a method claim:

> F&G's claim of direct infringement, as already discussed in detail, also **lacked any legal support** and included a **blatant misstatement** of patent law. Specifically, F&G's contention that a defendant may directly infringe a patent by **distributing** software that permits users to practice the patented method is a **clear misstatement of law**. It is a 'basic patent principle that a method claim is infringed **only** by practicing the patented method.'

*F & G Research, Inc. v. Google Inc.*, 2007 U.S. Dist. LEXIS 70072 (S.D. Fla. Sept. 20, 2007), citing *Enpat, Inc. v. Microsoft Corp.*, 26 F. Supp. 2d 811, 814 (E.D. Va. 1998). The *Enpat* court factored into its exceptional-case finding the fact that the plaintiff pursued direct-infringement allegations of method claims:

> Moreover, in granting summary judgment in defendants' favor on the claims against these products, we found plaintiffs' claims to be **without merit** on the basis of **obvious factors** which should have been apparent to plaintiffs early in the litigation. For example, in an April 3, 1998 Order, the Court held that Microsoft's **sale of these products** could not constitute direct infringement because of the **basic patent principle that a method claim is infringed only by practicing the patented method**.

*Id*.

Forcing SimpleAir to pursue an infringement allegation based only on use will streamline the issues that this Court and Microsoft must address. Microsoft moves this Court to dismiss SimpleAir's direct-infringement allegations that are based on "selling" and "offering for sale."

**B. SimpleAir's use-based direct-infringement allegations directed to other instrumentalities should be dismissed because they do not sufficiently inform Microsoft of that which is accused of infringement.**

Wording such as "including, but not limited to" in direct-infringement allegations fails to inform defendants of other products that might be accused of infringement. See e.g., *Prompt Medical Sys., L.P. v. AllscriptsMisys Healthcare Sol., Inc.*, No. 6:10-CV-71, slip op. at 1 (E.D. Tex. Feb. 11, 2011) (Davis, J.) (Dkt. #246) (holding that complaint's "identification of 'and/or other products' [did] not inform Defendants as to what other products [were] accused"). Also, in the aforementioned *Round Rock* case, the plaintiff's original infringement allegations recited "including but not limited to language" as follows:

> Oracle has infringed and continues to infringe the '816 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States infringing systems, **including, but not limited to**, Oracle servers implementing a remote monitoring system, such as the Oracle Integrated Lights-Out Manager ("ILOM").

*Round Rock Research,* Dkt. No. 1, ¶ 21. Magistrate Judge Mazzant found this fatal, stating that: "Plaintiff's inclusion of the language 'including, but not limited to,' fails to inform Defendants of other products that might be accused of infringement." *Round Rock Research,* No. 4:11-CV-332, slip. op. at 7.

Here, SimpleAir's direct-infringement allegations recite ". . . products and services claimed by the '914 [and/or the '433] patent, **including** products or services **relating to** the generation, processing, and/or delivery of content, notifications, and updates." Dkt. No. 1, pp. 4-5. The use of the open-ended word "including" indicates other instrumentalities are contemplated but not identified. Moreover, any instrumentality that is "related to" the described technology is also being accused. Instrumentalities that are "related to" a thing are not the same as the thing. Here, Microsoft has no way of knowing what is being accused of infringement.

The expansive wording of the statement is not sanctioned by Form 18, which states, in pertinent part by way of example, "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court." Fed. R. Civ. P. Form 18 (2007).

Form 18's model language does not say, for example, ". . . *including* electric motors and products or services *relating to* X technology." Falling well outside the model of Form 18, SimpleAir's direct-infringement allegations fail to put Microsoft on notice of the accused products that allegedly infringe as required by Fed. R. Civ. P. 8(a) and do not satisfy the pleading requirements established by the Supreme Court. A complaint must allege sufficient facts to give a "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because SimpleAir's inclusion of the language "including" and "relating to" fails to inform Microsoft of the instrumentalities that are being accused of infringement, Microsoft moves this Court to dismiss SimpleAir's direct-infringement allegations.

**C.    SimpleAir's direct-infringement allegations should be dismissed because they fail to identify Microsoft instrumentalities with sufficient specificity.**

SimpleAir's vague identification of accused products/services in its complaint fails to inform Microsoft as to what it must defend. These allegations do not satisfy the minimum pleading requirements of Rule 8. Thus, even if SimpleAir's use-based infringement allegations were free of the open-ended language, the remaining direct-infringement allegations should be dismissed under Rule 12(b)(6).

Although motions to dismiss based on insufficiency of pleadings are rarely granted in this District, complaints that fail to identify allegedly infringing instrumentalities with sufficient specificity have been dismissed or recommended to be dismissed. *See Landmark*

*Tech. LLC v. Aeropostale*, No. 6:09-cv-262, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (dismissing complaint because identification of "products and services using electronic commerce systems" was too vague) and *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538; 2010 U.S. Dist. LEXIS 58049 (E.D. Tex. 2010) ("While Realtime accuses Defendants' "data compression products and/or services," the Court finds this to be a vague identification and without further context it is unclear as to what "data compression products and/or services" refers").[4]

The pertinent part of SimpleAir's allegations state that each "of Defendants Microsoft . . . has infringed the '433 patent . . . by using, selling, or offering for sale products and services claimed by the '433 patent, including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff." Dkt. No. 1, pp. 4. SimpleAir does not even provide separate descriptions on a per-defendant basis. It should be required to do so. Merely stating "products and services claimed by the '433 patent" does not sufficiently inform Microsoft what instrumentalities are accused. This deficiency is not cured by the qualification "including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices."

Granted, in time, SimpleAir will be required to provide its infringement contentions. But this does not allow it to avoid complying with the pleading requirements under the Rules. "A motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953.

---

[4] Subsequently granted in part by Judge Davis as to the lack of compliance with Rule 8 but clarified that the court "has not required a specific identification of accused products" in other cases. *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539; 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. 2010).

Microsoft is not moving this Court to require SimpleAir to recite specific products or services by name. Nor is Microsoft advancing the position that the Rules compel SimpleAir to provide in its complaint the level of detail that is required by infringement contentions. But there is a level of specificity in between those measures that would satisfy Rule 8. As is, SimpleAir's complaint runs afoul of the Federal Circuit's precedent inasmuch as it fails to give notice to Microsoft of what it must defend. *McZeal v. Sprint Nextel Corp.*, 501 F.3d at 1357 ("a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."). Accordingly, the allegations in this case are on par with those of *Landmark Tech* and *Realtime*; and thus, Microsoft moves that they be dismissed.

### D. SimpleAir should be required to at least provide a more definite statement.

In the alternative, Microsoft moves for a more definite statement under Fed. R. Civ. P. 12(e), and requests that the Court order SimpleAir to provide a more definite statement as to the accused methods. See, e.g., *Phoenix Licensing, L.L.C. v. Allstate Corporation, et. al.,* No. 2:09-CV-255, slip op. at 4 (E.D. Tex. April 19, 2010) (Ward, J.). Without a more definite statement, Microsoft is left unsure of how to form its answer to SimpleAir's complaint because the complaint does not sufficiently inform Microsoft of what is being accused of infringement.

## V. Conclusion

Given that SimpleAir does not include any allegations nor causes of actions other than its direct-infringement allegations, its entire Complaint should be dismissed, which Microsoft respectfully requests. The text of a proposed order is attached.

Dated December 19, 2011   Respectfully Submitted,

By: /s/ Jesse J. Camacho

**SHOOK, HARDY & BACON LLP**
B. Trent Webb (bwebb@shb.com)
Patrick A. Lujin (plujin@shb.com)
Jesse J. Camacho (jcamacho@shb.com)
Christine A Guastello (cguastello@shb.com)
Mary Jane Peal (mpeal@shb.com)
All admitted *pro hac vic*e
2555 Grand Blvd.
Kansas City, MO  64108
Telephone: (816) 474-6550 / Fax: (816) 421-5547

Melissa Richards Smith
**Gillam & Smith, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450 / Fax: (903) 934-9257
melissa@gillamsmithlaw.com

**Attorneys For Defendant Microsoft Corporation**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2011 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  No other counsel of record are known at this time.

/s/ Jesse J. Camacho

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIMPLEAIR, INC., ) <br> ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> MICROSOFT CORPORATION, et al., ) <br> ) <br>     Defendants. ) <br> ) | Civil Action No. 2:11-cv-00416-DF <br><br> JURY TRIAL DEMANDED |

### ORDER GRANTING DEFENDANT MICROSOFT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Before the Court is Defendant Microsoft's Motion to Dismiss certain allegations Pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the alternative a Motion for a More Definite Statement under Rule 12(e). Having considered the Motion, the Court is of the opinion that it should be GRANTED.

SimpleAir's direct-infringement allegations that are based on "selling" or on "offering for sale" are DISMISSED WITH PREJUDICE.

The Court also grants Microsoft's Motion to Dismiss SimpleAir's use-based direct-infringement allegations but grants leave to file within the next 15 days a more definite statement as to the accused Microsoft methods that it believes infringe any claim based on "use."

SO ORDERED.