# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SIMPLEAIR, INC., § § *Plaintiff,* § § vs. § § MICROSOFT CORPORATION, et al., § § *Defendants.* § § | Case No. 2:11-cv-416-DF |

## DEFENDANT GOOGLE INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)

Phillip B. Philbin
Texas State Bar No. 15909020
phillip.philbin@haynesboone.com
John R. Emerson
Texas State Bar No. 24002053
russ.emerson@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON ROBERTSON & CORNELIUS PC
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, TX 75711-7339
Tel: 903-509-5000
Fax: 903-509-5092

ATTORNEYS FOR DEFENDANT GOOGLE INC.

I. **Introduction**

Google hereby moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss SimpleAir's Complaint for failure to state a claim upon which relief can be granted, on the following grounds:

1. SimpleAir's infringement allegations fail to specifically identify any accused products and are otherwise too vague.

2. SimpleAir's complaint improperly alleges that sales and offers for sale infringe U.S. Patent Nos. 7,035,914 and 6,021,433 (the "patents-in-suit"), which solely consist of method claims.[1]

To avoid motion practice, Google contacted SimpleAir's counsel and requested that SimpleAir amend its complaint to comply with Rule 8 and the this district's case law. SimpleAir's counsel refused.

SimpleAir's allegations against Google lack the minimal factual allegations required by Rule 8 and Form 18 of the Federal Rules of Civil Procedure.  The complaint does not specifically identify any accused product or service.  It does not distinguish between the products or services of any of the sixteen named defendants.  SimpleAir's factual allegations of infringement against all defendants are wholly contained in two sentences:

> Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '914 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '914 patent, including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile

---

[1] On September 15, 2011, SimpleAir filed a Complaint against Defendant Google Inc. for alleged infringement of the patents-in-suit.  Compl., Dkt. No. 1 (Sept. 15, 2011) at ¶ 1.  Google was served on October 12, 2011 and received an extension until December 19, 2011 to file an answer to the Complaint or motion under Federal Rule of Civil Procedure 12.  Returned Summons, Dkt. No. 12 (Oct. 19, 2011); Second Application for Extension of Time to Answer Compl., Dkt. No. 44 (Dec. 2, 2011) (granted on Dec. 5, 2011).

> computing devices, without a license or permission from Plaintiff.

Compl., Dkt. No. 1 at ¶ 21.

> Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '433 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '433 patent, including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.

*Id.* at ¶ 28.

Under this Court's standards, these kinds of allegations are do not meet the basic pleading standards required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Webvention LLC v. Adidas Am. Inc.*, No. 2:10-CV-410, Dkt. No. 168 (E.D. Tex. Jul. 20, 2011) (Folsom, J.) (finding allegation against a specific website to be sufficient in order to comply with Rule 8); *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-CV-269, Dkt. No. 189 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (dismissing infringement complaint that did not identify any accused product, services, or methods); *Round Rock Research, LLC v. Oracle Corp.*, No. 4:11-CV-332, Dkt. No. 40 (E.D. Tex. Oct. 25, 2011) (permitting claims against specific products named in the complaint, but dismissing claims against "any other products potentially accused by Plaintiff"), *adopted as the findings and conclusions of the Court*, Dkt. No. 51 (E.D. Tex. Nov. 18, 2011) (Schneider, J.).

Additionally, SimpleAir's allegations that sales or offers for sale infringe its method patents fail as a matter of law because they do not state a claim that entitles it to relief.

## II. Argument

**A.     SimpleAir's Complaint against Google fails to meet the minimum standard required by Rule 8(a)(2) because it fails to specifically identify any accused products, services, methods, or other infringing acts and is otherwise too vague.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Despite criticism of the adequacy of Form 18 in light of *Iqbal* and *Twombly*, "a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 542 (E.D. Tex. June 10, 2010). To comply with Form 18, "direct infringement claims require a plaintiff to specifically identify any accused products, services, methods, or other infringing acts." *Id*. at 543. Additionally, the "identification of accused instrumentalities [must] be specific as to particular defendants." *Id*. A complaint lacking identification of specific products or defendants required by Form 18 may still comply with Rule 8, so long as the descriptions taken in context are sufficient to state a plausible claim for relief. *See id.* at 539.

SimpleAir's patent-infringement allegations fail to comply with even the minimum requirements of Form 18. SimpleAir's complaint generally accuses "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or from mobile computing devices." Compl., Dkt. No. 1 at ¶¶ 21, 28. Like the vague description in *Landmark* ("electronic commerce systems"), this description fails to specifically identify any accused products, services, methods, or other infringing acts for the patents-in-suit. <u>Compare</u> *Landmark Tech. LLC v. Aeropostale*, Case No. 6:09-cv-262, Dkt. No. 122 at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (granting plaintiff's motion to dismiss,

finding the description "electronic commerce systems" to be an extremely vague description not in compliance with Form 18) *with CellTrace LLC v. MetroPCS Communications, Inc.*, No. 6:09-cv-371, Dkt. No. 63 at 1 and 4 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (denying motion to dismiss where complaint accused "a network for communicating with cellular phones, said network comprising base stations and cellular phones" of infringing at least one identified claim)  Moreover, SimpleAir did not even make allegations specific to any particular defendant, and impermissibly relies upon a single "shotgun" allegation against ten unrelated groups of defendants.  *Compare Landmark*, Dkt. No. 122 at 1 and 6 (motion to dismiss granted, where plaintiff made the same allegations against all nine defendants) *with CellTrace*, Dkt. No. 63 at 5 (motion to dismiss denied, where identical allegations were only made against a pair of related defendants)  SimpleAir's description of the accused products and services is word-for-word identical for both patents-in-suit.  Compl., Dkt. No. 1 at ¶¶ 21, 28.  "Form 18 does not set a high bar for what must be alleged," *Realtime* at 543.  SimpleAir's complaint falls substantially short of that bar.

SimpleAir's vague accusations are also insufficient to state a claim for relief that is plausible on its face.  For example, without further context it is implausible that all products or services that merely *relate* to the generation or delivery of content to mobile computing devices, without more, infringe the patents-in-suit.[2]  SimpleAir's description of the accused products and services is also implausible because it is identical for both

---

[2] Furthermore, advocating the position that all products and services that merely relate to the generation or delivery of content to mobile computing devices directly infringe the patents-in-suit would likely run afoul of Fed. R. Civ. P. 11(b)(3).

patents-in-suit (with a total of 153 claims) and each of the ten unrelated groups of defendants. *Id*.

SimpleAir's complaint does not comply with Rule 8(a)(2) because it fails to state a plausible claim for relief or even comply with the minimum standards of Form 18. Therefore, SimpleAir's complaint should be dismissed under Rule 12(b)(6).

**B.     Plaintiff's allegations that acts of "selling or offering for sale" infringe its method patents are wrong as a matter of law and should be dismissed.**

"Use" is the only way to directly infringe a method claim—not selling or offering to sell. *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 821, 850 (Fed. Cir. 2010). SimpleAir's allegations that Google directly infringes a method claim by making sales or offers for sale should be dismissed under Rule 12(b)(6). *See Round Rock Research*, No. 4:11-CV-332, Dkt. No. 51 at 2 (dismissing infringement claims for making, selling, offering for sale, and/or importing systems in violation of method patents).

### III. Conclusion

SimpleAir's complaint fails to state a plausible claim for relief. Therefore, Google respectfully requests that SimpleAir's complaint be dismissed.

Dated: December 19, 2011                              Respectfully submitted,

                                                      /s/ John R. Emerson
                                                      Phillip B. Philbin
                                                      Texas State Bar No. 15909020
                                                      phillip.philbin@haynesboone.com
                                                      John R. Emerson
                                                      Texas State Bar No. 24002053
                                                      russ.emerson@haynesboone.com
                                                      HAYNES AND BOONE, L.L.P.
                                                      2323 Victory Avenue, Suite 700
                                                      Dallas, Texas 75219
                                                      Tel: 214-651-5000
                                                      Fax: 214-651-5940

                                                      Jennifer Parker Ainsworth
                                                      Texas Bar No. 00784720
                                                      jainsworth@wilsonlawfirm.com
                                                      WILSON ROBERTSON & CORNELIUS PC
                                                      909 ESE Loop 323, Suite 400
                                                      P.O. Box 7339 [75711]
                                                      Tyler, TX 75711-7339
                                                      Tel: 903-509-5000
                                                      Fax: 903-509-5092

                                                      ATTORNEYS FOR DEFENDANT GOOGLE INC.

## CERTIFICATE OF SERVICE

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on December 19, 2011. Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF System.

                                                        /s/ John R. Emerson
                                                        John R. Emerson