**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SimpleAir, Inc., a Texas corporation, | Civil Action No. 2:11-cv-00416-DF |
| Plaintiff, | **Jury Demanded** |
| vs. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

**<u>Plaintiff SimpleAir, Inc.'s Opposition to Defendant Ericsson Inc.'s
Motion to Dismiss for Failure to State a Claim</u>**

I.      **Factual background.**[1]

Plaintiff SimpleAir, Inc. is Texas company own and managed by the lead inventors of the patents asserted in this case: U.S. Patent Nos. 7,035,914 (the '914 patent) and 6,021,433 (the '433 patent), both entitled "System and Method for Transmission of Data." SimpleAir has filed two prior lawsuits in this district to enforce these patents, including one case that is pending and set for trial (against Apple and Research in Motion) in April 2012: *SimpleAir, Inc. v. AWS Convergence Technologies, Inc. et al.*, 2:09-cv-289 (MHS) (E.D. Tex., filed Sept. 23, 2009).

On September 15, 2011, SimpleAir filed this case. The complaint alleges infringement of the '914 and '433 patents by sixteen entities that make up nine defendant groups, including the Ericsson group: Ericsson Inc. ("Ericsson"), Sony Ericsson Mobile Communications AB ("Sony Ericsson AB"), and Sony Ericsson Mobile Communications (USA), Inc. ("Sony Ericsson USA"). Dkt. #1. Sony Ericsson USA answered on November 2, 2011. Dkt. #29. On December 2, 2011, Defendants Motorola Mobility (dkt. #39) and Futurewei Technologies (dkt. #42) both answered. Also on that date, Ericsson filed this motion to dismiss, claiming SimpleAir's complaint lacks sufficient detail.[2] Dkt. #41. Since then, three other Defendants have followed Ericsson's lead with similar motions to dismiss. LG Electronics (dkt. #49), Microsoft (dkt. #53), and Google (dkt. #54). The remaining Defendants have not yet responded.

There is no difference between the allegations asserted against the Defendants that have answered SimpleAir's complaint and those that have moved to dismiss. Because each Defendant is accused of infringing the same patents in the same manner, the complaint asserts the same allegation of infringement against against each defendant. Dkt. #1, ¶21, ¶28. In fact, the

---

[1] Due to the holidays, Plaintiff's counsel does not have staff available to create a table of contents or authorities (and is personally not skilled enough to accomplish this before the new year). Plaintiff apologies for the inconvenience.

[2] The third entity in the Ericsson group, Sony Ericsson AB, has not accepted service.

1

allegations asserted by SimpleAir's complaint in this case are identical to those asserted by the complaint in SimpleAir's other pending case.

| *SimpleAir v. Microsoft et al.* | *SimpleAir v. AWS Convergence et al.* |
|---|---|
| "21.    Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '914 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '914 patent, <u>including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff</u>." | "21.    Each of Defendants AWS Convergence, the Weather Channel, Apple, Research in Motion, Facebook, ESPN, Disney Online, Walt Disney, ABC, Handango, and Handmark has infringed the '433 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '433 patent, <u>including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff</u>." |

Not one of the 12 defendants named in the *SimpleAir v. AWS* case claimed SimpleAir's allegations were deficient.  Each answered the complaint, as have Defendants Sony Ericsson USA, Motorola Mobility, and Futurewei in this case.  Moreover, as shown below, SimpleAir's complaint in this case asserts all allegations required to state a claim for patent infringement and does so with even greater detail than the Rules require.

**II.    Legal standard.**

A complaint states a claim for patent infringement if it [1] "alleges ownership of the asserted patent, [2] names each individual defendant, [3] cites the patent that is allegedly infringed, [4] describes the means by which the defendants allegedly infringe, and [5] points to the specific sections of the patent law invoked.'" *WIAV Networks, LLC v. 3Com Corp.*, 2009 U.S. Dist. LEXIS 126650, *18 (E.D. Tex. Dec. 15, 2009) (quoting *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (enumeration added)).  "This standard remains undisturbed after *Twombly*."  *WIAV Networks* at *18.

The complaint need not state these elements with factual detail. *MobileMedia Ideas LLC v. HTC Corp.*, 2011 U.S. Dist. LEXIS 104892, 2-4 (E.D. Tex. Sept. 15, 2011) ("The Supreme Court has held that a complaint does not need detailed factual allegations" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In fact, Rule 8(a) requires the opposite: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Form 18 provides a model patent complaint and illustrates the brevity mandated by Rule 8:

> 1.      Statement of Jurisdiction
> ***
> 2.      On <Date>, United States Letters Patent No. <_____> were issued to the plaintiff for an invention in an electric motor. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3.      The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4.      The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
>     (a)    a preliminary and final injunction against the continuing infringement;
>     (b)    an accounting for damages; and
>     (c)    interest and costs.

The Supreme Court has stated, relatively recently, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8's pleading standard and "a complaint must state a plausible claim in order to survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). With respect to the "plausibility' of a claim, the Court continued: "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, "the Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18…Thus, a patent complaint that complies with Form 18 will suffice

to state a claim." *Bedrock Computer Techs., LLC v. Softlayer Techs*. Inc., 2010 U.S. Dist. LEXIS 62711, 9-11 (E.D. Tex. Mar. 29, 2010).

Given the liberal pleading standard of Rule 8 (as illustrated by Form 18), "motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted." *MobileMedia Ideas* at 2 (internal citations omitted).[3]

### III. Argument.

#### A. SimpleAir has sufficiently stated a claim for patent infringement.

SimpleAir's complaint states each essential element of a claim for patent infringement. The complaint [1] "alleges ownership of the asserted patent," (Complaint ¶¶19, 26), [2] "names each individual defendant" (*id.*, ¶¶7-16, 21, 28), [3] "cites the patent that is allegedly infringed" (*id.* ¶¶ 1, 3, 5-6, 21, 28), [4] "describes the means by which the defendants allegedly infringe" (*id.*, ¶¶21, 28); and [5] "points to the specific sections of the patent law invoked" (*id.* ¶2). *Phonometrics*, 203 F.3d at 794. Moreover, SimpleAir's allegations provide greater detail than the Rules require. Compare Form 18's allegations regarding the "means of infringement" with those of SimpleAir's complaint:

| Form 18 | SimpleAir's complaint (¶21) |
|---|---|
| The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court. | Each of Defendants…has infringed the '914 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '914 patent, including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff." |

---

[3] "Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit." *MobileMedia Ideas* at 2, citing *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

### B. Ericsson's arguments for dismissal are without merit.

Ericsson's motion asserts three groups of arguments.

#### 1. Ericsson's Form 18 arguments

The first group of arguments Ericsson asserts under the heading "SimpleAir's Infringement Claims Fail To Comply With the Requirements of Form 18." Mot. at 2. SimpleAir addresses each of these arguments in turn below.[4]

##### a. "no specific products are identified"

Ericsson first argues: "SimpleAir's claim does not comply with [Form 18's] minimal standard, failing to identify any specific products or services of Ericsson accused of infringement." Mot. at 3. Ericsson continues, "[t]his Court has previously dismissed similar complaints for failing to identify a specific accused product as required by Form 18." *Id.* (citing *Bedrock* and *Joao* cases). This argument must be rejected for two reasons.

*First*, a patent owner is not required to identify the specific products or services of the accused infringer in its complaint. *Atwater Partners of Texas LLC v. AT&T, Inc.*, 2011 U.S. Dist. LEXIS 28101, 5 (E.D. Tex. Mar. 18, 2011) ("The pleading requirements set forth in *Twombly* and *Iqbal* do not require a patentee to identify specific products or services by name in the complaint"); *MobileMedia Ideas* at 4 ("This Court has held that a Complaint is not even required to list specific product models").

The *Bedrock* and *Joao* cases cited by Ericsson do not hold otherwise. These cases do not hold, as Ericsson suggests, that the complaint must identify the accused infringer's specific products (for example, by identifying a model or part number, SKU, or marketing name given to the product). To the contrary, they affirm the sufficiency of Form 18, which does not identify

---

[4] SimpleAir treats these arguments as a group, as Ericsson has, for ease of reference. Many of these arguments are not, however, tied to Form 18.

any specific products of the accused infringer.  *Bedrock*, 2010 U.S. Dist. LEXIS 62711, 11 (E.D. Tex. Mar. 29, 2010) ("a patent complaint that complies with Form 18 will suffice to state a claim"); *Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, 2010 U.S. Dist. LEXIS 142008, *8 (E.D. Tex. Mar. 29, 2010) (same).  The complaints in *Bedrock* and *Joao* were dismissed because the accused products were not identified *at all*, not even with a generic description such as "electric motors."  *Bedrock* at 6 (citing Plaintiff's allegation: "Defendants infringe…by importing, manufacturing, using, marketing, distributing, selling, and/or supporting <u>products and/or services that fall within one or more claims of the '120 Patent</u>" (emphasis added)); *Joao* at 3 ("'the Defendants have infringed…by making, using, importing, providing, offering to sell, advertising and/or selling (directly or through intermediaries)…infringing products and services'").

Indeed, Ericsson implicitly acknowledges that the Rules do not require a plaintiff to identify the specific products or services of the defendants.  Mot. at 3 ("to comply with Form 18, a plaintiff must specifically identify at least one product <u>*or* category of products</u> (the 'electric motor' above) that allegedly infringes" (emphasis added)).

*Second*, SimpleAir's complaint identifies the accused products with greater specificity than Form 18.  "As one may easily observe from Form 18, the form only states generically that the defendant's 'electric motors . . . embody the patented invention.'"  *Atwater Partners* at 5 (E.D. Tex. Mar. 18, 2011).  As shown above, SimpleAir identifies the accused products as "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices."  Complaint ¶¶21, 28.  This description of the accused products provides greater detail than the generic "electric motors" of Form 18 and is therefore sufficiently specific under the Rules.

### b. "the allegations are made in the alternative"

Ericsson next argues, "[b]y describing the alleged infringing activity in the alternative (e.g., 'the generation, processing, and/or delivery'), SimpleAir provides no practical indication of what products and services it alleges infringe." Mot. at 4.

This argument fails for two reasons.

*First*, the Rules expressly provide that a plaintiff may plead its allegations in the alternative, even in the same count. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones"). Accordingly, SimpleAir's use of the conjunction "and/or" in its allegations against Ericsson and its co-defendants cannot provide a basis for dismissal.

*Second*, Ericsson's argument that "SimpleAir provides no practical indication of what products and services it alleges infringe" is without merit. As shown above, SimpleAir identifies the accused products as "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices." Complaint, ¶21. Ericsson's contention that this allegation provides "no" practical indication of what is accused is not plausible. SimpleAir's allegations describe the accused products using terms of art that are well known and understood by those in the smartphone and other mobile computing industries. Indeed, the answering of these same allegations by 15 defendants – 12 in the *SimpleAir v. AWS* case and 3 in this case (including Ericsson's affiliate, Sony Ericsson USA) – demonstrates that the allegations provide sufficient indication to enable a response. Moreover, while SimpleAir's allegations could be restated to provide a *more* practical indication of the accused products by naming the specific products of the Defendants, that is not required under the Rules, as explained above.

### c. "the identification of products is too broad"

Ericsson also argues the complaint's description of accused products is too broad:

> [1] a product that merely delivers content, notifications, and updates to mobile computing devices would fall under SimpleAir's infringement allegation. Likewise, so too would a product that only processes content for mobile computing devices or that generates such content. [2] The words 'generate,' 'process' and 'deliver' are, themselves, extremely broad, essentially rendering the accused products limitless. [3] As a result, SimpleAir's complaint has no practical boundary, and could conceivably include any and every product or service of Ericsson. Mot. at 4 (numbering added).

Each part of this argument fails.

*First*, the description of the accused products must be read in the context of the entire complaint. That reading does not lead to the conclusion, as Ericsson suggests, that SimpleAir alleges that "a product" (by which Ericsson's means <u>any</u> and all products) that "merely delivers content" or "only processes content" for mobile computing devices infringes the asserted patents. (Similarly, Form 18 is not reasonably interpreted as asserting that every single type and model of "electric motor" in the universe infringed the asserted patent). Rather, a reasonable defendant would read SimpleAir's complaint as alleging that Defendants offer products that not only deliver or process content for mobile computing devices but do so, according to SimpleAir, in the manner claimed by the asserted patents.

*Second*, Ericsson's contention that the accused products are described in "limitless" terms is without merit. As explained above, the category of products identified by the complaint is described using terms of art well known and understood within the smartphone and mobile computing industries. Moreover, the complaint's description of products clearly has no applicability to a vast universe of products and services offered in those and scores of other

8

industries, whether by Ericsson, its co-defendants, or third parties.

*Third*, Ericsson's argument that SimpleAir's allegations "could conceivably include any and every product or service of Ericsson" is also without merit. To begin, this argument is not credible on its face. As Ericsson knows better than anyone, it offers many products and services (for example, Billing and Revenue Management products, Microwave Networks, National Security and Public Safety Products, Optical Transport Products, Network Planning and Design Services, Consulting Services, etc.) that clearly have nothing to do with the allegations of SimpleAir's complaint.[5] Moreover, to the extent Ericsson has <u>many</u> products or services that *do* fall within the scope of SimpleAir's allegations, this does not provide a basis for dismissal. SimpleAir will be required to identify those products in its P.R. 3-1 infringement contentions and, as explained above, is not required to do so in its complaint. *See Atwater Partners* at 9-11 ("Adtran pleas that because [the complaint] does not specify…*all* the allegedly infringing products…its infringement investigation must encompass…every other product it makes, uses, sells, offers for sale, and/or imports… Adtran's argument is simply not true…because Local Patent Rule 3-1 already requires the plaintiff to give Adtran that information").

### d. "the same allegation is asserted against all defendants"

Ericsson also asserts "[t]his Court has also dismissed complaints generically accusing unspecified products of multiple defendants," and should do so here because SimpleAir pleads "a singular, generic infringement allegation against all defendants." Mot. at 3-4. This assertion contains two arguments. Both fail.

---

[5] Furthermore, whether a defendant offers some products that are alleged to infringe and others that are not is irrelevant to whether a complaint sufficiently states a claim for infringement. Thus, Ericsson's suggestion that SimpleAir is accusing all products offered by the company (as opposed to a subset of those products) does not provide a basis for dismissal.

*First*, Ericsson's characterization of SimpleAir's allegations as "generic" suggest the allegations are not sufficiently detailed. As explained above, that argument is incorrect.

*Second*, Ericsson's suggestion that each Defendant is entitled to a separate allegation of infringement is not correct. If all defendants are alleged to infringe in the same manner, then a "singular" allegation addressing each of the defendants is properly asserted. That is the case here and that is why each defendant's acts of infringement are accused in the same allegation. The Rules do not require, as Ericsson suggests, SimpleAir to state its allegations in 15 separate paragraphs or using 15 different descriptions of the accused products for each of the Defendants.

Ericsson cites the *Real Time* case, in which Magistrate Judge Love stated that Judge Davis's opinions in the *Bedrock* and *Joao* cases "additionally required that identification of accused instrumentalities be specific as to particular defendants." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010). Respectfully, Judge Love had it wrong. The complaints in *Bedrock* and in *Joao* did make common allegations of infringement against all Defendants. But the court took no issue with that. *Bedrock*, 2010 U.S. Dist. LEXIS 62711, 11-13; *Joao*, 2010 U.S. Dist. LEXIS 142008, 9-10 (E.D. Tex. Mar. 29, 2010). Moreover, the *Realtime* opinion speaks in the language of P.R. 3-1 contentions ("accused instrumentalities …specific as to particular defendants"), not Rule 8, and is contrary to the cases discussed above that hold a plaintiff need not identify the specific products of the defendant.

                                          **e.**      **"the complaint doesn't identify which claims are infringed"**

Finally, Ericsson asserts that "SimpleAir has accused multiple defendants of infringing two patents having a total of 153 patent claims." Mot. at 4. Ericsson does not explain why it is relevant that the asserted patents have 153 patent claims. However, the implication is that SimpleAir's complaint is deficient because it does not specify which of these patent claims are

alleged to be infringed. That argument is contrary to law.[6] *Atwater* at *7 ("As one may easily observe from Form 18… the form does not assert any specific claims of the patent").

### 2. Ericsson's *Iqbal* arguments

In this group of arguments, Ericsson asserts that "prior pleading practices based on boilerplate and conclusory allegations" were ended by the Supreme Court's decision in *Iqbal*, mot. at 2, and that SimpleAir's complaint fails to comply with *Iqbal*'s standard. *Id.* at 4. *Iqbal* did not concern a claim for patent infringement and did not dramatically change the standard for pleading such a claim. *MobileMedia Ideas LLC v. HTC Corp.*, 2011 U.S. Dist. LEXIS 104892, *4 (E.D. Tex. Sept. 15, 2011) ("*Bell Atlantic* [which is interpreted by *Iqbal*] did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases"). To the contrary, Form 18 remains an authoritative example of the limited detail a patent complaint must include. *Bedrock*, 2010 U.S. Dist. LEXIS 62711, 9-11 (E.D. Tex. Mar. 29, 2010) ("the Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18"). Moreover, Ericsson's various strands of argument under *Iqbal* are without merit.

### a. "SimpleAir's claim is not plausible"

Ericsson argues that **"SimpleAir's complaint does not satisfy the plausibility standard [of** *Iqbal*]," because:

- "[t]he only description of the asserted patents in the complaint states that they disclose a 'System and Method for Transmission of Data," Mot. at 5;

- "the complaint does not identify any specific Ericsson product or service," *id.*; and

- "even though the Court has previously construed the SimpleAir patent claims, the

---

[6] In addition, each of the '914 and '433 patents includes only two independent claims. Therefore, for Ericsson to determine whether to deny or admit infringement, it need only look at these 4 claims (*i.e.*, because if it infringes an independent claim, it must admit infringement, and if it does not, then it cannot infringe any dependent claim).

11

complaint makes no attempt to link any of the previously construed claims to Ericsson's products or services." *Id.*

Thus, Ericsson impliedly asserts that SimpleAir was required to plead (1) a more detailed description of the asserted patents, and an identification of (2) which claims of the patents are infringed, (3) which specific products and services of Ericsson are accused, and (4) facts showing the patent claims are "linked to" (*i.e.*, infringed by) those products and services. This argument fails for three related reasons.

*First*, *Iqbal* did not hold that a complaint fails to state a plausible claim for patent infringement if it lacks any of the factual statements that Ericsson complains are missing from SimpleAir's complaint. Indeed, *Iqbal* did not even concern a patent case. Therefore, for Ericsson to successfully invoke *Iqbal*'s "plausibility standard," it must (a) provide reasoning that shows why that standard required SimpleAir to plead the details Ericsson identifies, or (b) point to other cases showing that *Iqbal* must be interpreted to require the pleading of these details.

*Second*, Ericsson provides no reasoning to support its argument. Ericsson merely argues (a) certain details are missing from the complaint and therefore (b) the complaint fails to state a plausible claim. No attempt is made to show why (a) must lead us to the conclusion of (b).

*Third*, Ericsson provides no case law to support its application of *Iqbal*. Ericsson cites the *Bedrock* and *Joao* cases at the end of its argument. Mot at 5. However, these cases did not hold (or even suggest) that a complaint for patent infringement must provide a narrative description of the patented invention[7] or "link" the claims of the patent to the accused products. Furthermore, as discussed above, patent owner is not required to identify the specific products of

---

[7] This Court's *Markman* order, which is expressly identified and referenced by SimpleAir's complaint, provides far more detail regarding the patents and their claim scope than is provided by the ordinary patent infringement complaint or that could be provided by SimpleAir's addition to the complaint of a paragraph or two of prose.

the accused infringer in the complaint, is not require to identify which patent claims are asserted, and is not required to apply those claims to the accused products.

### b. "SimpleAir claims a mere possibility of infringement"

In a variation on its first *Iqbal* argument, Ericsson asserts:

> "even assuming that the complaint did correlate some general activities of Ericsson with SimpleAir's patents, this would merely establish that infringement was a possibility – not that infringement was plausible, as required by *Iqbal*. At most, one might infer that Ericsson has some products and services in the same field of art as SimpleAir's patents, but nothing more." Mot. at 5-6 (internal cite omitted).

This argument also fails.

*First*, Ericsson again cloaks its argument in the language of *Iqbal* but provides no reasoning to show that any principle or standard announced by *Iqbal* is in fact violated by the allegations of SimpleAir's complaint. Ericsson's conclusory arguments, though dressed appropriately, cannot provide a basis for dismissal.

*Second*, the complaint does more than merely "correlate some general activities of Ericsson with SimpleAir's patents" or allege that infringement is a "possibility." As shown above, the complaint asserts every essential allegation of a claim for patent infringement and does so with more than sufficient detail. Moreover, no reasonable defendant would read SimpleAir's allegation that Ericsson "<u>has infringed</u> the '914 patent <u>and, unless enjoined, will continue to do so</u>" (complaint, ¶21 (emphasis added)) as an allegation that "Ericsson has some products and services in the same field of art as SimpleAir's patents, but nothing more."

### c. "SimpleAir's indirect infringement allegations are deficient"

Ericsson also argues: "to the extent SimpleAir is alleging indirect infringement, even pre-*Iqbal*, this Court has required the plaintiff to at least 'identify[] the generic group of end

13

users' that directly infringe." Mot. at 6. SimpleAir's complaint does not allege indirect infringement. Ericsson's argument is therefore moot.

### 3. Ericsson's policy arguments

Ericsson asserts a final group of arguments that "SimpleAir <u>should</u> specifically identify any allegedly-infringing Ericsson products and services." Mot. at 7 (emphasis added). These are policy (not legal) arguments and are not persuasive.

#### a. Ericsson's Rule 11 argument

Ericsson asserts that "[b]ecause SimpleAir must have analyzed specific Ericsson products and services to form a legal and factual basis for its infringement allegation" under Rule 11, "there is no reason or excuse for SimpleAir not to specifically identify those products and/or services in its complaint." Mot. at 8. This argument must be rejected for two reasons.

<u>First</u>, Rule 8 does not require a plaintiff to plead all of the facts that were uncovered during the Plaintiff's investigation under Rule 11. *Atwater* at 12 (E.D. Tex. Mar. 18, 2011) ("Rule 8(a) requires only a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.' Rule 8(a) does not state a complaint must contain all relevant and material information that the party possesses by virtue of its pre-filing investigation that is required by Rule 11").

<u>Second</u>, there are many reasons why a Plaintiff, such as SimpleAir, would not identify the specific products of the Defendants in its complaint. Each reason falls under the category of: "because the Rules do not require it." Also belonging to that category are the many reasons that Defendants, such as Ericsson, do not identify any specific reasons for denying infringing when they file their answers, do not identify any prior art when asserting invalidity in their counterclaims, and do not begin producing their documents until the Docket Control Order requires them to.

14

### b. Ericsson's "unable to defend" argument

Ericsson argues that "SimpleAir's failure to [identify specific Ericsson products] not only limits Ericsson's ability to prepare its defense, but also makes it impossible for Ericsson to investigate the merits of SimpleAir's complaint" and also makes it "impossible for Ericsson to take other practical and necessary steps including identifying and contacting third-parties having potential indemnity obligations; identifying employees and other persons with relevant knowledge; and implementing a document hold." Mot at 8. This argument also fails.

*First*, a defendant is not required to complete its investigation and prepare its defense during the pleading stage. Ericsson will have plenty of information and time to carry out its investigation and build its defense after SimpleAir's infringement contentions are served and discovery begins. *Atwater* at 11( rejecting identical argument: "Adtran will not have to undertake the investigation it worries of because Local Patent Rule 3-1 already requires the plaintiff to give Adtran that information").

*Second*, to the extent Ericsson has not, in the more than 100 days since the complaint in this case has been filed, made a preliminary determination of whether it has infringed the SimpleAir patents, it may say so in answering the complaint. *Id.* at 11, n.2 ("Adtran will still not have to undertake such an investigation to answer because it will likely answer that it 'lacks knowledge or information sufficient to form a belief as to the truth of the allegations'")

## IV. Conclusion.

For the reasons set forth above, Ericsson's motion must be denied in full. Alternatively, SimpleAir should be granted leave to amend.

Date: December 26, 2011                               Respectfully submitted,

                                                      By: /s/ *Jeff Eichmann*
                                                      John Jeffrey Eichmann
                                                      CA State Bar no. 227472

                    (admitted to practice before the U.S. District
Court for the Eastern District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: jeff@dovellaw.com

S. Calvin Capshaw
State Bar No. 03783900
Email:  ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email:  ederieux@mailbmc.com
Capshaw DeRieux LLP
114 E. Commerce
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

ATTORNEYS FOR PLAINTIFF
SIMPLEAIR, INC.

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 26th day of December, 2011.

                    /s/ *Jeff Eichmann*
                    John Jeffrey Eichmann