**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **SimpleAir, Inc.,** | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:11-cv-416 |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Microsoft Corp. et al.,** | § | |
| | § | |
| Defendant. | § | |

<u>**DEFENDANTS HTC CORPORATION'S AND HTC AMERICA, INC.'S MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**</u>

**TABLE OF CONTENTS**

                                                                          **Page**

I.    BACKGROUND AND ISSUES TO BE DECIDED ...................................................... 1

        A.    Background ......................................................................................................... 1

        B.    Issues to Be Decided ........................................................................................... 2

II.    ARGUMENT .................................................................................................................... 3

        A.    Controlling Law .................................................................................................. 3

        B.    SimpleAir Fails to Meet the Minimum Requirements for Pleading and Fails to Put HTC on Notice:  Its Complaint Should Be Dismissed ....................... 5

        C.    Greater Specificity Should Be Required Prior to Exposing HTC to the Burdens of Discovery and Preparing for Litigation............................................... 7

        D.    SimpleAir's Infringement Allegation Relating to "Selling" or "Offering for Sale" Accused Devices Must Be Dismissed Because, as a Matter of Law, HTC Cannot Infringe a Method Claim Solely by Selling a Device or Offering That Device for Sale................................................................................ 9

III.    CONCLUSION............................................................................................................... 11

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................................................. passim

*Atwater Partners of Texas, LLC v.AT&T, Inc. et al*,
   2011 U.S. Dist. Lexis 28101 (E.D. Tex. March 18, 2011) ....................................................... 4

*Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*,
   No. 6:09-CV-269, 2010 WL 5175172 (E.D.Tex. March 29, 2010) ................................. 4, 8, 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 3, 5, 7, 8

*Bender v. LG Electronics USA, Inc.*,
   2010 WL 889541 (N.D.Cal. Mar. 11, 2010) .......................................................................... 6

*CellTrace LLC v. MetroPCS Communications, Inc.*
   No. 6:09-cv-371 (E.D. Tex. Mar. 29, 2010) .......................................................................... 6

*Hewlett-Packard Co. v. Intergraph Corp.*,
   No. 3:03-cv-2517, 2003 WL 23884794 (N.D.Cal. Sept. 6, 2003) ............................................ 6

*i2 Technologies, Inc. v. Oracle Corp.*,
   No. 6:09-CV-194 (E.D.Tex. March 29, 2010) ....................................................................... 4

*i4i L.P. v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010) ............................................................................................... 10

*In re Kollar*,
   286 F.3d 1326 (Fed. Cir. 2002) ............................................................................................... 9

*Joao Bock Transaction Systems of Texas, LLC v. AT&T, Inc. et al*,
   No. 6:09-CV-208 (E.D.Tex. March 29, 2010) .................................................................... 4, 6

*Joy Technologies, Inc. v. Flakt, Inc.*
   6 F.3d 770 (Fed. Cir. 1993) ............................................................................................. 9, 10

*Judin v. United States,*
   110 F.3d 780 (Fed. Cir. 1997) ................................................................................................. 8

*Landmark Technology, LLC v. Aeropostale et al.*,
   No. 6:09-CV-262 (E.D.Tex. March 29, 2010) .................................................................... 4, 6

## TABLE OF AUTHORITIES
(continued)

Page

*Lucent Technologies, Inc. v. Gateway, Inc.*,
   580 F.3d. 1301 (Fed. Cir. 2009) ................................................................................... 10

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ............................................................................... 3, 4, 8

*Mirror Worlds, LLC v. Apple, Inc.*,
   784 F.Supp.2d 703 (E.D.Tex. 2011) ............................................................................ 10

*MobileMedia Ideas, LLC v. HTC Corp. and HTC America, Inc.*,
   2011 U.S. Dist. LEXIS 104892 (E.D.Tex. September 15, 2011) ................................... 4

*NTP, Inc. v. Research In Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2003) .................................................................................... 10

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
   360 F.3d 1295 (Fed. Cir. 2004) ...................................................................................... 9

*Realtime Data, LLC v. Stanley*,
   721 F.Supp.2d 538 (E.D.Tex. June 10, 2010) ............................................................ 4, 6

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
   550 F.3d 1325 ............................................................................................................... 10

*Round Rock Research, LLC v. Oracle Corporation et al.*,
   No. 4:11-CV-332 (E.D.Tex. October 25, 2011), *adopted as order of the court
   (*E.D.Tex. November 18, 2011) .................................................................................... 11

*SimpleAir Holdings, Inc. v. ClearTXT, Inc. et al.*,
   Case No. 2:08-cv-00290 (E.D.Tex. July 28, 2008) ....................................................... 2

*SimpleAir Holdings, Inc. v. m-Qube, Inc. et al.*,
   Case No. 2:06-cv-00449 (E.D.Tex. Oct. 27, 2006) ....................................................... 2

*SimpleAir v. AWS Convergence Technologies, Inc. et al.*,
   Case No. 2:09-cv-00289 (E.D.Tex. Sep. 23, 2009) ....................................................... 2

**STATUTES**

35 U.S.C. § 271(a) ............................................................................................................. 10

# TABLE OF AUTHORITIES
## (continued)

**Page**

**RULES**

Fed. R. Civ. P. 8 .................................................................................................................1, 3, 7

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1

Local Patent Rule 3.1 ..................................................................................................................8

Civil Local Rule 7(a)(1) ..............................................................................................................2

Defendants HTC Corporation and HTC America, Inc. (collectively "HTC") move to dismiss SimpleAir, Inc.'s ("SimpleAir") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. SimpleAir fails to comply with the requirements for pleading patent infringement under Fed. R. Civ. P. 8 and Form 18. SimpleAir does not identify a single product, service, process, or method that allegedly infringes any claim of the two asserted patents. This failure, when taken with SimpleAir's shotgun approach to pleading (*i.e.,* naming 16 defendants and bunching all of those defendants together for purposes of its infringement allegation), makes it impossible for HTC to understand SimpleAir's infringement allegation. SimpleAir also alleges HTC infringes the patents-in-suit by selling and offering for sale unspecified products and services, a legal impossibility given the two patents contain only method claims, and one can only infringe a method claim by use of the claim.

For the reasons set forth below, SimpleAir's complaint should be dismissed.

I.  **BACKGROUND AND ISSUES TO BE DECIDED**

   A.  **Background**

SimpleAir sued 16 defendants, alleging infringement of two patents (U.S. Patent Nos. 7,035,914 (the "'914 patent") and 6,021,433 (the "'433 patent")) with a total of 153 method claims. Making no distinction between any of the 16 defendants, SimpleAir alleged all of the defendants infringed by "selling, or offering for sale products and services claimed by [the '914 and '433 patents], including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff."[1] The complaint does not name a single product, service,

---

[1] Dkt. No. 1.

method, or process that allegedly infringes the two patents-in-suit, either from HTC or from any other defendant.

The defendants in this case span a wide range of industries including search, operating systems, mobile devices, and other personal electronics, software, online services, and telecommunications infrastructure.  In multiple prior actions in this district, SimpleAir asserted the same patents against an even broader range of defendants including social networking sites and other online content providers.[2]

HTC attempted through the meet-and-confer process to obtain further detail about the nature of the accused infringement by HTC.  HTC's attempts were unsuccessful.

**B.     Issues to Be Decided**

Pursuant to Civil Local Rule 7(a)(1), HTC requests resolution of the following issues:

(1)     SimpleAir treated all 16 defendants as one, alleged identical bases of infringement for all 16, and failed to identify even a single product or service as infringing.  Do SimpleAir's vague and open-ended allegations of infringement against "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices" fail to state a claim upon which relief can be granted?

(2)     All of the claims in the two patents-in-suit are method claims.  Method claims can not be infringed by selling or offering for sale products or services.  As a matter of law, do SimpleAir's allegations of infringement of method claims by "selling" or "offering for sale" unspecified products or services fail to state a claim upon which relief can be granted?

---

[2] *SimpleAir Holdings, Inc. v. m-Qube, Inc. et al.,* Case No. 2:06-cv-00449 (E.D.Tex. Oct. 27, 2006); *SimpleAir Holdings, Inc. v. ClearTXT, Inc. et al.,* Case No. 2:08-cv-00290 (E.D.Tex. July 28, 2008); *SimpleAir v. AWS Convergence Technologies, Inc. et al.,* Case No. 2:09-cv-00289 (E.D.Tex. Sep. 23, 2009).

## II.   ARGUMENT

### A.   Controlling Law

In order to state a claim under Fed. R. Civ. P. 8, a civil complaint must describe the alleged wrong in sufficient factual detail to give a "defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55 (2007).  Two years later, the Court issued its decision in *Ashcroft v. Iqbal*, holding that allegations of a "conclusory nature" are not entitled to a presumption of truth and that *Twombly's* heightened pleading standard applies to "all civil actions."  556 U.S. 662, 129 S. Ct. 1937, 1951, 1953 (2009).

A complaint is deficient if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Allegations of a "conclusory nature" are not entitled to a presumption of truth.  *Id*. at 1951.  The complaint may not rely solely on "'labels and conclusions [or] a formulaic recitation of the elements of a cause of action.'"  *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 1950 (citing *Twombly*, 550 U.S. at 555).

In the context of a patent case, a panel of the Federal Circuit applying the law of the Fifth Circuit has held (in a case decided after *Twombly*, but before *Iqbal*) that the requirements of Fed. R. Civ. P. 8 are met when the plaintiff complies with Form 16 (now Form 18), which requires the plaintiff to allege: (1) the jurisdictional basis of the claim; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.  *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1356-57 (Fed. Cir. 2007).  In the specific example provided

by Form 18, for a simple infringement case in which the plaintiff alleges direct, literal infringement by a single defendant, the plaintiff must at least name the specific product ("electric motors") which is alleged to infringe the patent.

While district courts have split regarding whether the Federal Circuit's holding in *McZeal* survives *Iqbal*, and therefore whether a complaint consistent with Fed. R. Civ. P. Form 18 remains sufficient to state a claim absent further allegations about the nature of the alleged infringement, this court has held that a complaint for direct patent infringement is sufficient if it complies with Form 18 and specifically identifies the product which is accused of infringement. *See, e.g. Atwater Partners of Texas, LLC v. AT&T, Inc. et al*, 2011 U.S. Dist. Lexis 28101, *3 (E.D. Tex. March 18, 2011) (holding complaint naming specific example infringing product sufficient), *MobileMedia Ideas, LLC v. HTC Corp. and HTC America, Inc.*, 2011 U.S. Dist. LEXIS 104892, *2 (E.D.Tex. September 15, 2011) (holding complaint listing specific infringing product models to be sufficient).  Courts in this district, however, have been consistent in dismissing patent infringement complaints that fail to identify the specific products which are accused of infringement.  *See, e.g., Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, No. 6:09-CV-269, 2010 WL 5175172, *3 (E.D.Tex. March 29, 2010); *Realtime Data, LLC v. Stanley,* 721 F.Supp.2d 538, 543 (E.D.Tex. June 10, 2010); *Landmark Technology, LLC v. Aeropostale et al.*, No. 6:09-CV-262, Dkt. No. 122, Slip Op. at 5-6 (E.D.Tex. March 29, 2010); *i2 Technologies, Inc. v. Oracle Corp.*, No. 6:09-CV-194, Dkt. No. 79, Slip Op. at 4-5 (E.D.Tex. March 29, 2010); *Joao Bock Transaction Systems of Texas, LLC v. AT&T, Inc. et al,* No. 6:09-CV-208, Dkt. No. 195, Slip Op. at 5-6 (E.D.Tex. March 29, 2010).

**B.      SimpleAir Fails to Meet the Minimum Requirements for Pleading and Fails to Put HTC on Notice: Its Complaint Should Be Dismissed**

In this case, SimpleAir's vague, open-ended allegations of infringement by unspecified products or services fail to state a claim under any applicable standard, whether under the heightened pleading standard of *Twombly* and *Iqbal* or under Form 18. SimpleAir has not provided a single example of one infringing instrumentality. SimpleAir's allegations of infringement by "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices" provides no meaningful information to put HTC on notice of how HTC is alleged to infringe the patents.

Is SimpleAir alleging that some unspecified HTC product relating to the *generation* of delivery of content, notification, and updates to or for mobile computing devices infringes the two patents-in-suit? If so, what product? If any HTC service is allegedly involved, which service? Or is SimpleAir alleging an HTC product relating to the *processing* of content, notification, and updates to or for mobile computing devices infringes the two patents-in-suit? If so, which product? If any HTC service is allegedly involved in this processing, which service? Or perhaps SimpleAir is alleging that some unspecified HTC product relating to the *delivery* of content, notification, and updates to or for mobile computing devices infringes the two patents-in-suit. If so, which product? If any HTC service is allegedly involved in this delivery, which service? HTC is left to guess the answers to all of these questions, as there is no specificity whatsoever in SimpleAir's complaint.

Simply put, SimpleAir's broad allegations could be read to encompass virtually any product or service that can be used in connection with a smart phone, tablet PC, laptop computer, pager, or other remote computing device; including essentially every device that HTC has ever manufactured in the last six years. Courts in this district have dismissed or recommended for

dismissal patent infringement claims utilizing similar broad and vague references to "products and/or services," particularly where identical infringement claims are made against multiple defendants. *See Landmark Tech.*, Slip Op. at 5-6 (dismissing complaint based on "extremely vague identification" of infringing "electronic commerce systems"); *Realtime Data*, 721 F.Supp.2d at 543 (infringement contentions against "data compression products and/or services" dismissed as overly vague).

In addition to looking at the text of the complaint, the court may also look at the context in which the complaint is made and "draw on its judicial experience and common sense" to determine whether the complaint states a plausible claim for relief. *See Landmark Tech.,* Slip Op. at 3, *quoting Iqbal*, 129 S. Ct. at 1950. Yet in this case, looking at the context of SimpleAir's complaint only makes determining the precise nature of SimpleAir's infringement allegations even more puzzling. Given the wide range of defendants in this case and others filed by SimpleAir on the same patents, and the range of products or services provided by those defendants, it is difficult to even imagine how the defendants could all infringe the patents-in-suit in the same manner. Infringement complaints that are written so broadly that they could read on a large number of accused products from a large number of defendants do not properly put the defense on notice of what to defend. *See Joao Bock,* Slip Op. at 5-6 ("In the context of a patent containing 424 claims asserted against so many Defendants, [Plaintiff's] complaint . . . does not state a claim for relief that is plausible on its face"); *see also Bender v. LG Electronics USA, Inc.,* 2010 WL 889541, *3 (N.D.Cal. Mar. 11, 2010); *Hewlett-Packard Co. v. Intergraph Corp.*, No. 3:03-cv-2517, 2003 WL 23884794 (N.D.Cal. Sept. 6, 2003); *cf. CellTrace LLC v. MetroPCS Communications, Inc.* No. 6:09-cv-371, Dkt. No. 63 at 1 and 4 (E.D. Tex. Mar. 29, 2010) (identical infringement allegations against a pair of related defendants held sufficient).

While the patents-in-suit may provide guidance to an accused infringer in certain circumstances, the patent claims at issue in this case recite "methods of *transmitting* data to selected remote devices," while HTC is primarily a handset manufacturer.  Again, HTC is left to simply speculate as to how any of its products could possibly infringe SimpleAir's patents.

Stripped of these broad and conclusory allegations, SimpleAir is left with no pleaded factual allegations that could support a claim for relief under any standard, much less a claim that could pass the heightened "plausibility" standard of *Twombly*.  The complaint is insufficient on its face to state a claim for relief and should therefore be dismissed.

### C.   Greater Specificity Should Be Required Prior to Exposing HTC to the Burdens of Discovery and Preparing for Litigation

"A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 559.  In *Twombly*, the Supreme Court also noted that bare conclusions in a complaint should not be allowed to trigger (or be cured by) costly discovery.  550 U.S. at 558.

The danger of allowing a threadbare complaint to impose unjustified, costly discovery that triggers a massive controversy is equally present here.  SimpleAir's claims are so broad that in order to determine whether HTC manufactures any product or provides any service that could even conceivably infringe SimpleAir's patents, HTC must examine essentially every product that it has made for the last six years that in any way "[relates] to . . . delivery of content to or for mobile communicating devices."  *Twombly* mandates that companies like SimpleAir are not allowed to impose such an onerous burden through insufficient pleading.  550 U.S. at 558-59. Requiring HTC to answer the Complaint in its present form would encourage a result the

Supreme Court explicitly sought to avoid—allowing the threat of discovery expense to push defendants to settle even "anemic cases" before the summary judgment stage. *Id.* at 559.

While SimpleAir will eventually have to provide its infringement contentions under Local Patent Rule 3.1, the eventual disclosure of the infringement contentions does not entirely undo the unreasonable burden placed on HTC to begin preparing this case without adequate notice of what specific instrumentalities are accused.  Because SimpleAir will likely not be serving infringement contentions for months, HTC will be forced to start defending this case (and incurring significant costs) without knowledge of the scope of the infringement allegation. Finally, any suggestion that the eventual required disclosure of infringement contentions negates SimpleAir's obligation to adequately plead its complaint has already been rejected by the Supreme Court, which explicitly stated in *Iqbal* that "a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." 129 S. Ct. at 1953.

HTC acknowledges that this court rarely grants motions to dismiss due to insufficient pleading, and that even some decisions in this district that have granted such motions have nevertheless criticized the party bringing the motion. *See Bedrock*, 2010 WL 5175172 at *3. However, HTC respectfully submits that the best way to "encourage the parties to try [cases] on the merits and not unnecessarily burden the Court with technical issues" is to continue to hold plaintiffs like SimpleAir to a standard that requires reasonable notice of the nature of the infringement alleged.  The cost to the plaintiff of providing such notice is negligible, given that at the time of filing the plaintiff has presumably already conducted an inquiry sufficient to identify what functions of each accused product allegedly infringe each limitation of at least one claim of each patent-in-suit.  *See McZeal,* 501 F.3d at 1363 (Dyk, J., dissenting), citing *Judin v.*

*United States,* 110 F.3d 780, 784-85 (Fed. Cir. 1997), *Q-Pharma, Inc. v. Andrew Jergens Co.,* 360 F.3d 1295, 1302 (Fed. Cir. 2004); *see also Bedrock Computer,* 2010 WL 5175172 at *3 ("The Court has high expectations of a plaintiff's preparedness before it brings suit"). Requiring plaintiffs to provide substantially more notice in the initial complaint than SimpleAir has provided here serves to substantially conserve judicial resources by allowing defendants to make an earlier assessment of the strength of the plaintiff's case, identify potentially dispositive "rifle-shot" issues (*e.g.,* construction of key claim terms) for early resolution, and otherwise move the case towards a faster settlement or dismissal. In any event, SimpleAir's complaint cannot stand and should be dismissed.

      **D.**     **SimpleAir's Infringement Allegation Relating to "Selling" or "Offering for Sale" Accused Devices Must Be Dismissed Because, as a Matter of Law, HTC Cannot Infringe a Method Claim Solely by Selling a Device or Offering That Device for Sale**

SimpleAir's claims against HTC cannot stand because they are not only impermissibly vague, but they further accuse HTC of a legal impossibility to the extent HTC is accused of infringing SimpleAir's patents by "selling" or "offering for sale" unidentified products or services incorporating the patented technology. All of the claims in the '433 and '914 patents are method claims; SimpleAir does not have a single claim in either patent claiming an apparatus. As a matter of law, HTC cannot infringe SimpleAir's patents by selling or offering accused products for sale because "a method or process claim is directly infringed only when the process is performed." *Joy Technologies, Inc. v. Flakt, Inc.* 6 F.3d 770, 773 (Fed. Cir. 1993) (and cases cited therein). Much like a process, a method "consists of doing something, and therefore has to be carried out or performed." *In re Kollar*, 286 F.3d 1326, 1332 (Fed. Cir. 2002). The Federal Circuit in *Joy Technologies* held that "the law is unequivocal that the sale of equipment to

perform a process is not a sale of the process within the meaning of [35 U.S.C. § 271(a)]." 6 F.3d at 770.

*Joy Technologies* remains good law. The Federal Circuit in 2003 in *NTP, Inc. v. Research In Motion, Ltd.*, extensively surveyed the legislative history of § 271(a), as well as the intellectual property provisions of the implementing legislation for the 1994 Uruguay Round of the General Agreement on Tariffs and Trade, concluding that "the legislative history of § 271(a) indicates Congress's understanding that method claims could only be directly infringed by use." 418 F.3d 1282, 1319-20 (Fed. Cir. 2003) (citations omitted). In 2008, the Federal Circuit, applying *Joy Technologies* and *NTP*, held that "a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)," because software is no more than a set of instructions to perform a process, rather than a sale of the process itself. *Ricoh Co., Ltd. v. Quanta Computer Inc.,* 550 F.3d 1325, 1335; *see also i4i L.P. v. Microsoft Corp.,* 598 F.3d 831, 850 (Fed. Cir. 2010) ("Direct infringement occurs only when someone performs the claimed method"), citing *Lucent Technologies, Inc. v. Gateway*, *Inc.*, 580 F.3d. 1301, 1317 (Fed. Cir. 2009). A court in this district recently held the mere sale of computers containing software capable of performing a patented method did not, without more, constitute direct infringement of a method claim, stating that "the law is clear that the sale or offer for sale is insufficient to prove direct infringement of a method claim." *Mirror Worlds, LLC v. Apple, Inc*., 784 F.Supp.2d 703, 713 (E.D.Tex. 2011).

Therefore, even assuming *arguendo* that SimpleAir could show that some device sold by HTC was capable of performing all of the steps of SimpleAir's method claims, SimpleAir would still be entitled to no relief with regard to HTC's sale of or offer to sell such a device.[3] No

---

[3] HTC does not allege indirect infringement, and recently stated in its Opposition to Ericsson's Motion to Dismiss that it was not alleging indirect infringement. Dkt. No. 61 at 13-14.

possible discovery can cure this legal defect in SimpleAir's allegations. Accordingly, dismissal with prejudice is proper at this stage of litigation. *See Round Rock Research, LLC v. Oracle Corporation et al.,* No. 4:11-CV-332, Dkt. No. 40, Slip. Op. at 7, 10 (E.D.Tex. October 25, 2011) (Magistrate Judge's Report recommending dismissal of allegations of infringement of method claim by making, selling, offering for sale, and/or importing by Dell with no opportunity to replead), *adopted as order of the court,* Dkt. No. 51, Slip. Op. at 1-2 (E.D.Tex. November 18, 2011) (Schneider, J.).

### III. CONCLUSION

For the reasons set forth above, SimpleAir's complaint should be dismissed.

Dated: January 3, 2012                PERKINS COIE LLP

                                      By: /s/ *John P. Schnurer*
                                          John P. Schnurer
                                          Lead Attorney
                                          State Bar No. 24072628
                                          PERKINS COIE LLP
                                          11988 El Camino Real, Suite 200
                                          San Diego, CA 92130-3334
                                          Tel: 858-720-5700
                                          Fax: 858-720-5799
                                          Email: jschnurer@perkinscoie.com

                                          Charles Ainsworth
                                          State Bar No. 00783521
                                          PARKER, BUNT & AINSWORTH, P.C.
                                          100 East Ferguson, Suite 1114
                                          Tyler, Texas 75702
                                          Tel: 903-531-3535
                                          Fax: 903-533-9687
                                          Email: charley@pbatyler.com

                                          ATTORNEYS FOR DEFENDANTS
                                          HTC Corporation
                                          HTC America, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2012, I caused a true and correct copy of this document (HTC Defendants' Motion to Dismiss for Failure to State a Claim) to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5(a)(3).

*/s/ John P. Schnurer*
John P. Schnurer