# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SimpleAir, Inc., a Texas corporation, | Civil Action No. 2:11-cv-00416-DF |
| Plaintiff, | **Jury Demanded** |
| vs. | |
| Microsoft Corporation, et al., | |
| Defendants. | |

**Plaintiff SimpleAir, Inc.'s Opposition to Defendant Google Inc.'s
Motion to Dismiss for Failure to State a Claim**

# Table of Contents

I.      Factual background. ........................................................................................................1

II.     Legal standard. ...............................................................................................................2

III.    Argument. .......................................................................................................................4

        A.      SimpleAir has sufficiently stated a claim for patent infringement ........................4

        B.      Google's arguments for dismissal are without merit ...............................................4

                1.      Google's first argument: the complaint is not specific enough ....................5

                        a.      *variation 1*:  the complaint's allegations are similar to
                                those found deficient in other cases in this district ..........................5

                        b.      *variation 2*:  the complaint makes the same allegations
                                for all defendants and both patents ...................................................6

                2.      Google's second argument:  the complaint's allegations
                        are not plausible. ...........................................................................................7

                        a.      Google's "relate to" argument. ........................................................7

                        b.      Google's "same description" argument ............................................8

                3.      Google's third argument:  the complaint improperly alleges
                        infringement based on "sale or offer for sale" ...............................................9

IV.     Conclusion. .....................................................................................................................9

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ........................................................................................... 3, 6

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.,*
  2010 U.S. Dist. LEXIS 62711 (E.D. Tex. Mar. 29, 2010) ........................................ 3

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................................ 3

*CellTrace LLC v. MetroPCS Communications, Inc.,*
  No. 6:09-cv-371, Dkt. No. 63 (E.D. Tex. Mar. 29, 2010) ....................................... 5

*CoreBrace LLC v. Star Seismic LLC,*
  566 F.3d 1069 (Fed. Cir. 2009) .............................................................................. 4

*i4i Ltd. Partnership v. Microsoft Corp.,*
  598 F.3d 821 (Fed. Cir. 2010) ................................................................................ 9

*Landmark Tech. LLC v. Aeropostale,*
  Case No. 6:09-cv-262, Dkt. No. 122 (E.D. Tex. Mar. 29, 2010) ............................ 5

*MobileMedia Ideas LLC v. HTC Corp.,*
  2011 U.S. Dist. LEXIS 104892, (E.D. Tex. Sept. 15, 2011) ............................... 2, 4

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,*
  203 F.3d 790 (Fed. Cir. 2000) ............................................................................ 2, 4

*Round Rock Research LLC v. Oracle Corporation et. al.,*
  No. 4:11-CV-332, Dkt. No. 51 at 2 ......................................................................... 8

*WIAV Networks, LLC v. 3Com Corp.,*
  2009 U.S. Dist. LEXIS 126650 (E.D. Tex. Dec. 15, 2009) ..................................... 2

**Rules**

Fed. R. Civ. P. 11(b)(3) .............................................................................................. 6

Fed. R. Civ. P. 8(a) .................................................................................................... 3

I.      **Factual background.**

Plaintiff SimpleAir, Inc. is a Texas company own and managed by the lead inventors of

the patents asserted in this case:  U.S. Patent Nos. 7,035,914 (the '914 patent) and 6,021,433 (the

'433 patent), both entitled "System and Method for Transmission of Data."  SimpleAir has filed

two prior lawsuits in this district to enforce these patents, including one case that is pending and

set for trial (against Apple and Research in Motion) in April 2012:  *SimpleAir, Inc. v. AWS*

*Convergence Technologies, Inc. et al.*, 2:09-cv-289 (MHS) (E.D. Tex., filed Sept. 23, 2009).

On September 15, 2011, SimpleAir filed this case.  The complaint alleges infringement of

the '914 and '433 patents by sixteen entities that make up nine defendant groups, including

Google Inc.  Dkt. #1.  To date:

- six defendants have answered:  Sony Ericsson USA (dkt. #29); Motorola Mobility (dkt.

  #39); Futurewei Technologies (dkt. #42); and Samsung Electronics, Samsung Electronics

  America, and Samsung Telecommunications (dkt. #70);

- six defendants have moved to dismiss,[1] including Google (dkt. #54); and

- the remaining defendants have not yet responded.

There is no difference between the allegations asserted against the Defendants that have

answered SimpleAir's complaint and those that have moved to dismiss.  Because each Defendant

is accused of infringing the same patents in the same manner, the complaint asserts the same

allegation of infringement against against each Defendant.  Dkt. #1, ¶21, ¶28.  In fact, the

allegations asserted by SimpleAir's complaint in this case are identical to those asserted by the

complaint in SimpleAir's other pending case:

---

[1] In addition to Google, Defendants Ericsson, LG, Microsoft, and the HTC Defendants
have filed motions to dismiss, asserting similar arguments to those presented by Google.

| *SimpleAir v. Microsoft et al.* | *SimpleAir v. AWS Convergence et al.* |
|---|---|
| "21.    Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Ericsson, Ericsson, Huawei, Google, HTC, and LG has infringed the '914 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '914 patent, <u>including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.</u>" | "21.    Each of Defendants AWS Convergence, the Weather Channel, Apple, Research in Motion, Facebook, ESPN, Disney Online, Walt Disney, ABC, Handango, and Handmark has infringed the '433 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '433 patent, <u>including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff.</u>" |

Not one of the 12 defendants named in the *SimpleAir v. AWS* case even argued that SimpleAir's allegations were deficient.  Each answered the complaint, as have Defendants Sony Ericsson USA, Motorola Mobility, Futurewei, and the Samsung Defendants in this case. Moreover, as shown below, SimpleAir's complaint in this case asserts all allegations required to state a claim for patent infringement and does so with even greater detail than the Rules require.

## II.    Legal standard.

A complaint states a claim for patent infringement if it [1] "alleges ownership of the asserted patent, [2] names each individual defendant, [3] cites the patent that is allegedly infringed, [4] describes the means by which the defendants allegedly infringe, and [5] points to the specific sections of the patent law invoked.'" *WIAV Networks, LLC v. 3Com Corp.*, 2009 U.S. Dist. LEXIS 126650, 18 (E.D. Tex. Dec. 15, 2009) (quoting *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (enumeration added)).  "This standard remains undisturbed after *Twombly*." *WIAV Networks* at 18.

The complaint need not state these elements with factual detail. *MobileMedia Ideas LLC v. HTC Corp.*, 2011 U.S. Dist. LEXIS 104892, 2-4 (E.D. Tex. Sept. 15, 2011) ("The Supreme

Court has held that a complaint does not need detailed factual allegations" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In fact, Rule 8(a) requires the opposite:  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

Form 18 provides a model patent complaint and illustrates the brevity the Rules mandate:

> 1.       Statement of Jurisdiction
> ***
> 2.       On <Date>, United States Letters Patent No. <_____> were issued to the plaintiff for an invention in an electric motor.  The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3.       The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4.       The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
> (a)      a preliminary and final injunction against the continuing  infringement;
> (b)      an accounting for damages; and
> (c)      interest and costs.

The Supreme Court has stated, relatively recently, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8's pleading standard and "a complaint must state a plausible claim in order to survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  With respect to the "plausibility" of a claim, the Court continued:  "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,  the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  However, "the Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18…Thus, a patent complaint that complies with Form 18 will suffice to state a claim." *Bedrock Computer Techs., LLC v. Softlayer Techs*. Inc., 2010 U.S. Dist. LEXIS 62711, 9-11 (E.D. Tex. Mar. 29, 2010).

Given the liberal pleading standard of Rule 8 (as illustrated by Form 18), "motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted." *MobileMedia Ideas* at 2 (internal citations omitted).[2]

## III.   Argument.

### A.   SimpleAir has sufficiently stated a claim for patent infringement.

SimpleAir's complaint states each essential element of a claim for patent infringement. The complaint [1] "alleges ownership of the asserted patent," (Complaint ¶¶19, 26), [2] "names each individual defendant" (*id.*, ¶¶7-16, 21, 28), [3] "cites the patent that is allegedly infringed" (*id.* ¶¶ 1, 3, 5-6, 21, 28), [4] "describes the means by which the defendants allegedly infringe" (*id.*, ¶¶21, 28); and [5] "points to the specific sections of the patent law invoked" (*id.* ¶2). *Phonometrics*, 203 F.3d at 794.  Moreover, SimpleAir's allegations provide greater detail than the Rules require.  Compare Form 18's allegations regarding the "means of infringement" with those of SimpleAir's complaint:

| Form 18 | SimpleAir's complaint (¶21) |
|---|---|
| The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court. | Each of Defendants…has infringed the '914 patent and, unless enjoined, will continue to do so, by using, selling, or offering for sale products and services claimed by the '914 patent, including products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices, without a license or permission from Plaintiff." |

### B.   Google's arguments for dismissal are without merit.

Google asserts three arguments for dismissal.  SimpleAir addresses each argument and its components below.

---

[2]  "Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit." *MobileMedia Ideas* at 2, citing *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

### 1.    Google's <u>first</u> argument:  the complaint is not specific enough.

Google asserts that SimpleAir's complaint "fails to specifically identify any accused products, services, methods, or other infringing acts and is otherwise too vague" and must therefore be dismissed.  Google at 3.  Google asserts two variations on this argument.  SimpleAir addresses each in turn.

### a.    *variation 1*:  the complaint's allegations are similar to those found deficient in other cases in this district.

Google argues:  "SimpleAir's complaint generally accuses 'products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or from mobile computing devices,'" and that this description is similar in its lack of detail to the allegations dismissed in the *Landmark* case.  Google at 3.  This argument is self-defeating. Simple's description of the accused products and services (shown directly above) is clearly more specific and detailed than the description of accused products in the *Landmark* complaint: "electronic commerce systems."  *Landmark Tech. LLC v. Aeropostale*, Case No. 6:09-cv-262, Dkt. No. 122 at 5 (E.D. Tex. Mar. 29, 2010).

Google also cites the *Celltrace* opinion as an example of an allegation that is specific enough in identifying the accused products.  Google at 4.  This case supports SimpleAir, not Google.  In *Celltrace*, the plaintiff identified the accused products generically as a cellular telephone network:  "a network for communicating with cellular phones, said network comprising base stations and cellular phones."  *CellTrace LLC v. MetroPCS Communications, Inc.*, No. 6:09-cv-371, Dkt. No. 63, at 1 (E.D. Tex. Mar. 29, 2010).  The plaintiff did not identify a particular cellular network or even a type of cellular network.  SimpleAir's identification of "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or from mobile computing devices" is at least as specific as this.

5

b.   *variation 2*:  the complaint makes the same allegations for all defendants and both patents.

Google also argues:

- "SimpleAir did not even make allegations specific to any particular defendant, and impermissibly relies upon a single 'shotgun' allegation against ten unrelated groups of defendants."  Google at 4;

- "SimpleAir's description of the accused products and services is word-for-word identical for both patents-in-suit."  *Id.*

These arguments fail for several reasons.

*First*, the Defendant groups are not unrelated with respect to their infringing conduct.

*Second*, the Federal Rules do not require a plaintiff to state its allegations against multiple defendants (whether they are related to each other or not) using different descriptions of the infringing conduct or separate paragraphs for each defendant.  Moreover, if all defendants are alleged to infringe in the same manner, the assertion of the same allegation against all defendants is proper.  *See, e.g.*, *Celltrace* at 1 (approving allegation that "Each Defendant infringes the '933 [patent] by making, using, selling and/or offering to sell a network for communicating with cellular phones").  That is the case here and that is why each defendant's acts of infringement are accused in the same allegation in SimpleAir's complaint.[3]

*Third*, the Federal Rules do not require a plaintiff to identify different accused products for each of the patents that is alleged to be infringed.  If the same products and services of the same defendants infringe each of two patents – as is the case here – then it is permissible to

---

[3] Google's "shotgun" reference suggests that SimpleAir was required to file a separate rifle shot at each defendant (*i.e.*, make a separate, individualized allegation).  Even this metaphor fails.  If multiple Defendants are trespassing on the same piece of property at the same time, it would not make sense for the owner – in protecting that property – to break out a rifle and file separate shots at each if the law allows him or her to pull out a shotgun.

identify the same products and services in the infringement allegations for both patents.

**2.      Google's <u>second</u> argument:  the complaint's allegations are not plausible.**

As discussed above, the Supreme Court ruled that "a complaint must state a plausible

claim in order to survive a motion to dismiss."  *Iqbal* at 1950.  The Court continued that,

"[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Google dresses two of its arguments in the language of *Iqbal* but neither argument is supported

by the standard of *Iqbal* or the facts of this case.

**a.      Google's "relate to" argument.**

Google asserts:  "without further context it is implausible that all products or services that

merely *relate* to the generation or delivery of content to mobile computing devices, without

more, infringe the patents-in-suit."  Google at 4.  Google also asserts:  "Furthermore, advocating

the position that all products and services that merely relate to the generation or delivery of

content to mobile computing devices directly infringe the patents-in-suit would likely run afoul

of Fed. R. Civ. P. 11(b)(3)."  *Id.*, n.2.  This argument fails at the start.

SimpleAir does not allege that "<u>all</u> products or services that <u>merely relate</u> to the

generation or delivery of content to mobile computing devices, without more, infringe the

patents-in-suit."  As discussed above, SimpleAir alleges that:  "Each of Defendants…has

infringed the '914 patent…by using, selling, or offering for sale products and services claimed

by the '914 patent, including products or services relating to the generation, processing, and/or

delivery of content, notifications, and updates to or for mobile computing devices, without a

license or permission from Plaintiff."  Complaint ¶21.  Reading this allegation in context (or

even in isolation), it is clear that SimpleAir has not alleged, as Google suggests, that (1)

Defendants infringe "merely" because they use, offer, or sell products and services in the identified category of products or (2) "all products and services" in this category infringe "merely" because they fall within the category.  To the contrary, the only reasonable interpretation of SimpleAir's allegations is that:

(1) Defendants infringe because they use, offer, or sell products and services in the identified category and their products and services are among the subset within that category that are "claimed by the '914 patent"; and

(2) the complaint does not assert that all products and services within the identified category infringe, but instead alleges that Defendants provide products in this category that infringe.

### b.    Google's "same description" argument

Google also argues:  "SimpleAir's description of the accused products and services is also implausible because it is identical for [1] both patents-in-suit (with a total of 153 claims) and [2] each of the ten unrelated groups of defendants."  Google at 5 (enumeration added).  Both parts of this argument fail.

[1]  The asserted '914 patent is a continuation of the asserted '433 patent.  Both claim overlapping technology developed by the same inventors.  It is no way implausible that the same products and services infringe the claims of two related patents.  In addition, Google's note that the patents include 153 claims is not relevant to any argument it presents.  In fact, the greater the number of claims between the two patents, the more likely it is that each patent will include at least one claim that is infringed by the same product or service.

[2] Although there are nine (not 10) Defendants groups named in the complaint, these groups of Defendants are not unrelated with respect to their infringing conduct.  Moreover, there is nothing implausible about an allegation that a patent is infringed by separate companies that

each provide the exact same or closely similar products or services.

**3.      Google's <u>third</u> argument:  the complaint improperly alleges
infringement based on "sale or offer for sale"**

Google also argues:

> "Use" is the only way to directly infringe a method claim—not selling or offering
> to sell. *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 821, 850 (Fed. Cir.
> 2010). SimpleAir's allegations that Google directly infringes a method claim by
> making sales or offers for sale should be dismissed under Rule 12(b)(6). *See
> Round Rock Research*, No. 4:11-CV-332, Dkt. No. 51 at 2 (dismissing
> infringement claims for making, selling, offering for sale, and/or importing
> systems in violation of method patents).  Google at 5.

Google is incorrect.  SimpleAir addresses and rebuts this argument in detail in response

to Microsoft's motion to dismiss.  Dkt.# 84 at 5-8.

## IV.    Conclusion.

For the reasons set forth above, Google's motion must be denied in full.  Alternatively,

SimpleAir should be granted leave to amend.

Date:  January 9, 2012                                     Respectfully submitted,

                                                          By:  */s/ Jeff Eichmann*
                                                          John Jeffrey Eichmann
                                                          CA State Bar no. 227472
                                                          (admitted to practice before the U.S. District
                                                          Court for the Eastern District of Texas)
                                                          DOVEL & LUNER, LLP
                                                          201 Santa Monica Blvd., Suite 600
                                                          Santa Monica, CA 90401
                                                          Telephone: 310-656-7066
                                                          Facsimile: 310-657-7069
                                                          Email: jeff@dovellaw.com

                                                          S. Calvin Capshaw
                                                          State Bar No. 03783900
                                                          Email:  ccapshaw@mailbmc.com
                                                          Elizabeth L. DeRieux
                                                          State Bar No. 05770585
                                                          Email:  ederieux@mailbmc.com
                                                          Capshaw DeRieux LLP
                                                          114 E. Commerce

9

Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

ATTORNEYS FOR PLAINTIFF
SIMPLEAIR, INC.

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 9th day of January, 2012.

/s/ *Jeff Eichmann*
John Jeffrey Eichmann