IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SimpleAir, Inc., a Texas corporation, | Civil Action No. 2:11-cv-00416-MHS |
| Plaintiff, | **Jury Demanded** |
| vs. | |
| MICROSOFT CORPORATION, a Washington corporation, MOTOROLA MOBILITY, INC., a Delaware corporation, NOKIA CORPORATION, a Finnish corporation, NOKIA INC., a Delaware corporation, SAMSUNG ELECTRONICS CO., LTD., a South Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, SONY ERICSSON MOBILE COMMUNICATIONS AB, a Swedish corporation, SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., a Delaware corporation, ERICSSON INC., a Delaware corporation, FUTUREWEI TECHNOLOGIES, INC. (D/B/A HUAWEI TECHNOLOGIES (USA)), a Texas corporation, HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation, GOOGLE INC., a Delaware corporation, HTC AMERICA, INC., a Washington corporation, HTC CORPORATION, a Taiwanese corporation, and LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation, | |
| Defendants. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to the Court's orders entered August 30, 2012 (dkt. # 208) and September 11, 2012 (dkt. #213), Plaintiff SimpleAir, Inc. files this First Amended Complaint and on information and belief alleges as follows:

1

**Introduction**

1. Plaintiff SimpleAir owns the inventions described and claimed in United States Patent Nos. 7,035,914 (the '914 patent) and 6,021,433 (the '433 patent), both entitled "System and Method for Transmission of Data." Defendants have used, and continue to use, Plaintiff's patented technology in connection with services that they make, use, sell, and offer to sell, without Plaintiff's permission. Plaintiff SimpleAir seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell services claimed by the Patents without Plaintiff's permission.

**Jurisdiction and Venue**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §1338(a).

3. Venue is proper in this Court because Defendants are responsible for acts of infringement occurring in the Eastern District of Texas, as alleged in this Complaint, and have delivered or caused to be delivered infringing services in the Eastern District of Texas. In addition, this Court has presided over prior matters relating to the asserted patents, including the recently concluded matter of *SimpleAir, Inc. v. AWS Convergence Technologies, Inc., et al.*, 2:09-cv-289-CE, in which the Court entered a *Markman* order (dkt. # 240, entered Sept. 2, 2011).

**Plaintiff SimpleAir, Inc.**

4. Plaintiff SimpleAir, Inc. is a corporation existing under and by virtue of the laws of the State of Texas.

**The Patents**

5. The United States Patent and Trademark Office issued the '914 patent (attached as exhibit A) on April 25, 2006 and the '433 patent (attached as exhibit B) on February 1, 2000.

6. Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for past infringements of the Patents.

## Defendants

7. Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with a principal place of business in Redmond, Washington.

8. Defendant Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with a principal place of business in Libertyville, Illinois.[1]

9. Defendant Nokia Corporation is a Finnish corporation with a principal place of business in Keilaniemi, Espoo, Finland. Defendant Nokia USA is a Delaware corporation with a principal place of business in White Plains, New York. Collectively, these Defendants are referred to as "Nokia."

10. Defendant Samsung Electronics Co., Ltd. is a South Korean corporation with a principal place of business in Seoul, Korea. Defendant Samsung Electronics America, Inc. is a New York corporation with a principal place of business in Ridgefield Park, New Jersey. Defendant Samsung Telecommunications America, LLC is a Delaware limited liability company with a principal place of business in Richardson, Texas. Collectively, these Defendants are referred to as "Samsung."

11. Defendant Sony Ericsson Mobile Communications AB is a Swedish corporation with a principal place of business in Lund, Sweden. Defendant Sony Ericsson Mobile Communications (USA), Inc. is a Delaware corporation with a principal place of business in

---

[1] Motorola has indicated in its initial disclosures and in correspondence that Motorola Mobility, Inc. has converted into a Delaware limited liability company named Motorola Mobility LLC. The parties expect to address this issue in a motion to substitute the latter entity for the former.

Atlanta, Georgia.[2] Collectively, we refer to these Defendants as "Sony Mobile."

12. Defendant Ericsson Inc. ("Ericsson") is a Delaware corporation with a principal place of business in Plano, Texas.

13. Defendant Futurewei Technologies, Inc. (d/b/a Huawei Technologies (USA)) is a Texas corporation with a principal place of business in Plano, Texas. Defendant Huawei Technologies Co., Ltd. is a Chinese corporation with a principal place of business in Bantian, Longgang District, Shenzhen, Gaundong, People's Republic of China. Collectively, these Defendants are referred to as "Huawei."

14. Defendant Google Inc. ("Google") is a Delaware corporation with a principal place of business in Mountain View, California.

15. Defendant HTC America, Inc. is a Washington corporation with a principal place of business in Bellevue, Washington. Defendant HTC Corporation is a Taiwanese corporation with a principal place of business in Taoyuan, Taiwan, R.O.C. Collectively, these Defendants are referred to as "HTC."

16. Defendant LG Electronics MobileComm U.S.A., Inc. ("LG") is a California corporation with a principal place of business in San Diego, California.

**FIRST CLAIM FOR PATENT INFRINGEMENT ('914 PATENT)**

17. Plaintiff incorporates by reference each of the allegations in paragraphs 1-16 above and further alleges as follows:

18. On April 25, 2006, United States Patent No. 7,035,914, disclosing and claiming a "System and Method for Transmission of Data," was duly and legally issued by the United

---

[2] In its initial disclosures, Sony Ericsson Mobile Communications (USA), Inc. asserts that its correct (and/or new) name is Sony Mobile Communications (USA), Inc. SimpleAir is meeting and conferring with Sony Mobile's counsel to determine whether any steps are necessary to address the difference or change in entity names.

States Patent and Trademark Office.

19. Plaintiff SimpleAir, Inc. is the owner of the '914 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

20. Each claim of the '914 patent is valid and enforceable.

21. Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Mobile, Ericsson, Huawei, Google, HTC, and LG has infringed the '914 patent and, unless enjoined, will continue to do so, by using, offering for sale, and selling services claimed by the '914 patent. The accused services comprise the performance of each element of the methods claimed by the '914 patent (including the method of Claim 1) and include the processing and transmission of notification data to remote computing devices (including, for example, smartphones and tablet computers) and/or applications or programs installed on such devices. These services are often described as "push notification" services,[3] and include but are not limited to:

- The Cloud to Device Messaging service for Android devices (the "C2DM" service), which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendants Google, Motorola, Samsung, Huawei, HTC, Sony Mobile and LG;

- The Microsoft Push Notification Service for Windows Phones ("MPNS"), which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendant Microsoft;

- The Ericsson push notification service that Ericsson refers to as "Mobile Push API," "DroidPush API," or "Mobile Java Push" or variations thereof (previously described

---

[3] However, according to the Court's claim construction order in *SimpleAir v. AWS* case the claims of the asserted patents encompass but are not limited to services that make "push" transmissions of data.

at https://labs.ericsson.com/apis/mobile-push[4]) for J2ME and Android devices, which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendant Ericsson; and

- The Nokia push notification service that Nokia refers to as the "Notifications API" for Symbian ^3 devices, which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendant Nokia.[5]

22. Plaintiff has been damaged by Defendants' infringement of the '914 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '914 patent.

23. Plaintiff demands trial by jury of all issues relating to this claim.

**SECOND CLAIM FOR PATENT INFRINGEMENT ('433 PATENT)**

24. Plaintiff incorporates by reference each of the allegations in paragraphs 1-16 above and further alleges as follows:

25. On February 1, 2000, United States Patent No. 6,021,433, disclosing and claiming a "System and Method for Transmission of Data," was duly and legally issued by the United States Patent and Trademark Office.

---

[4] After SimpleAir served its infringement contentions, Ericsson restricted access to this webpage and related pages.

[5] Plaintiff's identification of the Accused Instrumentalities in its P.R. 3-1 infringement contentions is more detailed than the foregoing identification and controls. In addition, Plaintiff reserves its right to take discovery regarding services of Defendants that are reasonably similar to those identified in its infringement contentions and to amend its contentions to name any such services found to infringe (or to the amend its infringement contentions for any other reason, consistent with the Local Patent Rules and any orders of this Court). By identifying the above services Plaintiff does not waive or limit that right. Plaintiff notes that amendment of this complaint would not be necessary in the event that reasonably similar services are found to infringe. Plaintiff also reserves its right to amend this complaint to assert claims of indirect infringement if further investigation or discovery in this case supports such claims.

26.     Plaintiff SimpleAir, Inc. is the owner of the '433 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

27.     Each claim of the '433 patent is valid and enforceable.

28.     Each of Defendants Microsoft, Motorola, Nokia, Samsung, Sony Mobile, Ericsson, Huawei, Google, HTC, and LG has infringed the '433 patent and, unless enjoined, will continue to do so, by using, offering for sale, and selling services claimed by the '433 patent. The accused services comprise the performance of each element of the methods claimed by the '433 patent (including the method of Claim 1) and include the processing and transmission of notification data to remote computing devices (including, for example, smartphones and tablet computers) and/or applications or programs installed on such devices.  These services are often described as "push notification" services,[6] and include but are not limited to:

- The Cloud to Device Messaging service for Android devices (the "C2DM" service), which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendants Google, Motorola, Samsung, Huawei, HTC, Sony Mobile and LG;

- The Microsoft Push Notification Service for Windows Phones ("MPNS"), which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendant Microsoft;

- The Ericsson push notification service that Ericsson refers to as "Mobile Push API," "DroidPush API," or "Mobile Java Push" or variations thereon (previously described

---

[6] *See* footnote 1 above.

at https://labs.ericsson.com/apis/mobile-push[7]) for J2ME and Android devices, which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendant Ericsson; and

- The Nokia push notification service that Nokia refers to as the "Notifications API" for Symbian ^3 devices, which is identified as the Accused Instrumentality in SimpleAir's P.R. 3-1 infringement contentions (served June 25, 2012) for Defendant Nokia.[8]

29. Plaintiff has been damaged by Defendants' infringement of the '433 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '433 patent.

30. Plaintiff demands trial by jury of all issues relating to this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing the '914 and '433 patents;

B. Compensatory damages for Defendants' infringement of the '914 and '433 patents;

C. Costs of suit and attorneys' fees;

D. Pre-judgment interest; and

E. For such other relief as justice requires.

---

[7] After SimpleAir served its infringement contentions, Ericsson apparently restricted access to this webpage and related pages.

[8] *See* footnote 3 above, which applies here equally.

| | |
|---|---|
| Date: September 24, 2012 | Respectfully submitted, |

By: /s/ *Jeff Eichmann*
John Jeffrey Eichmann
CA State Bar no. 227472
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: jeff@dovellaw.com

S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@mailbmc.com
Capshaw DeRieux LLP
114 E. Commerce
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

ATTORNEYS FOR PLAINTIFF
SIMPLEAIR, INC.

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 24th day of September, 2012

/s/ *Jeff Eichmann*
John Jeffrey Eichmann