**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SIMPLEAIR, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 2:11-CV-416-JRG |
| MICROSOFT CORPORATION, et al., | § § § | **LEAD CASE** |
| Defendants. | § § § | |
| SIMPLEAIR, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 2:13-CV-587-JRG |
| GOOGLE INC., et al., | § § § | |
| Defendants. | § § § | |

**<u>ORDER</u>**

Pending before the Court are SimpleAir's Motion for Entry of Partial Judgment on Infringement and Validity and For a New Trial on Damages (Dkt. No. 627) and Google's Motion for New Trial under Federal Rule of Civil Procedure 59(a) (Dkt. No. 628). The Court presided over a five-day jury trial in this case beginning on January 13, 2013 and culminating in almost two days of deliberations that extended into a Saturday afternoon. On January 18, 2014, the jury returned a unanimous verdict finding that Google infringed 1, 2, 3, 7, and 22 of U.S. Patent No. 7,035,914 ("the '914 patent"), finding that the '914 patent was not invalid, but with the damages

1

question unanswered and left blank. (*See* Verdict Form, Dkt. No. 601.) SimpleAir now moves the Court to enter partial judgment of infringement and validity and to order a new trial on damages. Google opposes the entry of such a partial judgment and contends that the issues of infringement, validity and damages are so interwoven that they must be tried together. Google seeks a retrial of all the issues.

## I. Applicable Law

The controlling Federal Circuit law is clear that district courts, in their discretion, may bifurcate damages issues from liability issues for trial in any given patent infringement case. *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319 (Fed. Cir. 2013) (en banc). A determination of whether to bifurcate damages or try all issues together at the liability stage should be evaluated on a case-by-case basis giving due consideration to reasons of efficiency, commonality of issues, and similar considerations. *Id.* Here, the issues of infringement, validity, and damages were tried together and submitted to the jury. The jury returned a partial verdict as to the findings of infringement and no invalidity but not damages.

"When a jury fails to unanimously agree on some of the answers to a special verdict, the trial court has several procedural options prior to dismissing the jury." *Thermapure, Inc. v. Water Out Drying Corp.*, 2009 WL 3818213 at *1 (E.D. Tex. 2009) (citing *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1580-81 (Fed. Cir. 1995)). One option is to accept the verdict with respect to those questions upon which the jury unanimously agreed, and to order a partial retrial only as to those issues that were not unanimously agreed upon by the jury. *Id.* "[W]here the requirement of the jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue

must be tried again." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499 (1931). A new trial on the remaining question of damages is proper if "it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be had without injustice." *Id.* at 500. In the event of a partial verdict, the Court can at its discretion enter judgment on infringement and validity and order a retrial on damages, just as if the issues were bifurcated from the outset.

**II. Analysis**

    *a. Infringement, validity and damages are separate and distinct issues*

Google contends that SimpleAir presented three distinct infringement theories at trial and that each implicates a different scope of infringement; thus, indicating a dependent and differing measure of damages. Since the verdict form does not specify which liability theory or theories was accepted by the jury, Google argues that a new jury cannot calculate damages without also resolving the scope of liability. The Court disagrees.

For purposes of this analysis, the Court will assume that SimpleAir presented three competing infringement theories at trial. Nonetheless, there is no indication that the damages calculation is affected by the manner of infringement. SimpleAir's opening arguments clearly set forth the accused devices as Google's Cloud Messaging System (GCM) and its predecessor the Cloud to Device Messaging (C2DM). (01/13/2014 PM Tr. at 44:5-45:13.) SimpleAir's damages expert, Robert Mills, referred to the C2DM and GCM, or the "Google system," as the infringing device throughout his entire testimony without objection from Google. During the cross-examination of Mr. Mills, Google did not ask him to identify which of the three infringement theories his damages opinion was based upon. Even during direct testimony, Google's own expert,

3


Dr. Keith Ugone, did not distinguish between the three varying amounts of infringement. Neither party presented differing damages numbers linked to differing infringement theories. In fact, nowhere in its motion does Google state that multiple damages numbers based on the quantity or type of infringement was introduced at trial. SimpleAir only presented one damages number to the jury, as did Google; albeit the numbers were of considerably different sizes.

The parties clearly did not ask for nor expect the jury to apportion different damages amounts based on a sliding scale of liability once Google was found to infringe a valid patent. It is unlikely that a retrial on damages would be any different. According, the Court finds that the issues of infringement, validity, and damages are adequately distinct and separate from each other such that a retrial of damages alone may be had without injustice. Furthermore, the parties, the Court, and the jury have all expended significant efforts to reach the special verdict rendered in this case as to infringement and validity. The interests of judicial economy are served and support the Court's decision, within its clear discretion, to order a retrial limited to the unanswered issue of damages.

      *b.*      *No indicia of a compromise verdict*

Google further contends that an entirely new trial is appropriate because the length of deliberation, the nine jury notes, and the Court's *Allen* charge show that the jury arrived at a compromise verdict. While these events establish that the jury had great difficulty and, in fact, could not arrive at a unanimous damages decision, nothing suggests that the verdict of infringement and patent validity were not the honest judgment of each individual juror. To the contrary, the failure of the jury to answer the damages question after the better part of two days deliberation is indicative of a steadfast refusal by the members of the jury to reach a compromise

verdict. Further, when the partial verdict (on infringement and validity) was returned, the Court specifically polled the jury to confirm the answers reached were the decision of each individual member of the jury.

Based on the Court's observations of the progression of events, it is apparent that the jury resolved the questions of infringement and validity before they decided to end the first day of deliberations. The first three jury notes plainly requested materials and information to address the first two questions on the verdict form. (*See* Jury Note 3, Dkt. No. 603 at 4 ("In order to prove or disprove claim 1, should we as a jury consider all steps of the claim 'word for word' in the exact order they are states?")). The fourth note received at the end of the day on January 17, 2014 shows the jury to have completed the first two questions on infringement and validity and moved on to the issue of damages: "We have not reached an agreement on damages. We are willing to return tomorrow." (*Id.* at 6.) This is consistent with the structure of the verdict form in that it required the jury to decide the issues of infringement and validity before considering damages.

The fifth note directly asked about the appropriate damages period. (*Id.* at 7.) The remaining four jury notes are reflective of the jury's frustration during the damages discussion. (*Id.* at 9-15.) Moreover, the Court's *Allen* charge, which was given in response to the jury's sixth note, properly reminded the jurors of the importance of their part in this trial. The additional instructions referred the jury to the entirety of the charge given the day before and the jury was clearly directed to consider the Court's instructions as a whole.

Google's focus on the terms "concessions" and "negotiations" used by the jury in the seventh and eighth notes are taken out of context and do not accurately reflect the actions of the jury. If concessions were made, it was in the context of discussing damages and a decision there

5

was never reached. Absent any actual evidence to the contrary, reason confirms that the sequence of the jury notes is reflective of their progress through the verdict form as structured, with infringement and validity being answered before the issue of damages was taken up. Google offers no signs that the jury was compromising between liability and the amount of damages other than their self-serving reading of the jury notes; a reading which the Court is convinced is inaccurate and little more than wishful thinking. Accordingly, the Court finds no indicia of a compromise verdict exists that would warrant a retrial on all issues.

### III. Conclusion

After evaluating the totality of the record, the events surrounding the jury's deliberations, and after giving due consideration to both a balanced consideration of these events and appreciating the importance of judicial economy, the Court hereby **GRANTS** SimpleAir's Motion for Entry of Partial Judgment and a New Trial on Damages (Dkt. No. 627) and **DENIES** Google's Motion for New Trial (Dkt. No. 628). The parties may file their respective post-judgment motions after the entry of partial judgment on the issues of infringement and validity in accordance with the Federal Rules of Civil Procedure. The new trial on damages only is set for a pre-trial conference before the Court on **March 10, 2014 at 10:00 a.m.** with jury selection on **March 17, 2014 at 9:00 a.m.**

**So ORDERED and SIGNED this 10th day of February, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE